J-A28043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DR. SOFIA LAM D/B/A SUBURBAN PAIN CONTROL CENTER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HOME ELITE, LTD. AND 1256 GORDON LTD. AND JOSEPH HENG, D.C. D/B/A ACTIVECARE REHABILITATION | |
| Appellee | No. 967 EDA 2014 |

Appeal from the Order Entered March 6, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 09-16754

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:          **FILED SEPTEMBER 22, 2014**

Appellant, Dr. Sofia Lam d/b/a Suburban Pain Control Center, appeals from the June 25, 2013 and March 11, 2014 orders granting summary judgment in favor of Appellees, Joseph Heng, D.C. d/b/a ActiveCare Rehabilitation, and Home Elite, Ltd. and 1256 Gordon, Ltd.

An appellant must timely comply whenever the trial court orders a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). **Commonwealth v Lord**, 553 Pa. 415, 719 A.2d 306 (1998). "[F]ailure to comply with the minimal requirements of Rule 1925(b) will result in **automatic waiver** of the issues raised."  **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original). "[O]ur Supreme Court does

not countenance anything less than stringent application of waiver pursuant to Rule 1925(b)." ***Id.*** In civil cases, the Rule requires: (1) the trial court must issue a Rule 1925(b) order directing an appellant to file a response within twenty-one days of that order; (2) the trial court must file the order with the prothonotary; (3) the prothonotary must enter the order on the docket; (4) the prothonotary must give written notice of the entry of the order to each party, pursuant to Pa.R.C.P. 236; and (5) the prothonotary must record the Rule 236 notice on the docket. ***See Estate of Boyle***, 77 A.3d 674, 678-79 (Pa. Super. 2013); ***see also Forest Highlands Community Ass'n v. Hammer***, 879 A.2d 223, 227 (Pa.Super. 2005).

Instantly, Appellant filed her notice of appeal on March 26, 2014. On April 4, 2014, the court entered an order, with Rule 236 notice, directing Appellant to file of record and serve upon the court a Rule 1925(b) concise statement of errors complained of on appeal within twenty-one days of entry of the order. Appellant's statement was due on or before April 25, 2014. Although Appellant timely filed a Rule 1925(b) statement, Appellant did not serve a copy of the Rule 1925(b) statement on the trial court. The court issued its opinion on May 20, 2014, concluding Appellant had waived her issues for failure to serve the court with a Rule 1925(b) statement.

Given that the trial court directed Appellant to file a Rule 1925(b) statement and strictly followed the proper filing and notice procedures, and given that Appellant failed to comply with the court's order, we agree Appellant waived her issues. Accordingly, we affirm. ***See generally In re***

***K.L.S.***, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Order affirmed.  Case is stricken from the argument list.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2014