J-S51014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS L. GARDNER | |
| Appellant | No. 754 EDA 2015 |

Appeal from the Judgment of Sentence February 26, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006750-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 09, 2015**

Appellant, Thomas L. Gardner, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his guilty plea to two counts each of rape of a child and endangering the welfare of children.[1]  On November 25, 2014, Appellant entered an open guilty plea following the rape of his two stepdaughters on an almost daily basis for three years.  The court sentenced Appellant on February 26, 2015, to an aggregate term of 19 to 38 years' imprisonment, and deemed Appellant to be a sexually violent predator.  Appellant did not file any post-sentence motions.  Appellant timely filed a notice of appeal on March 16, 2015.  The

_____

[1] 18 Pa.C.S.A. §§ 3121(c), and 4304(a)(1), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

court ordered Appellant to file a Rule 1925(b) statement, and Appellant's public defender responded with an intent to file an *Anders* brief. Appellant subsequently obtained private counsel, who filed a motion to amend the Rule 1925(b) statement. The court granted new counsel's request, and Appellant timely filed a Rule 1925(b) statement that challenged the discretionary aspects of his sentence as manifestly excessive.[2]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal*

---

[2] "[W]hile a…plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so a challenge to the discretionary aspects of his sentence is available.

*denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Instantly, Appellant failed to raise his discretionary aspects of sentencing claim at sentencing, or in a post-sentence motion. ***See Commonwealth v. Mann***, 820 A.2d 788 (Pa.Super. 2003) (stating challenges to discretionary aspects of sentencing are generally waived if they are not raised during sentencing proceedings or in timely post-sentence motion). Appellant's pre-sentence request for a standard range sentence at the bottom of the guidelines did not preserve his specific claim of excessive sentence. Thus, Appellant waived his sentencing issue. Accordingly, we affirm the judgment of sentence. ***See generally In re K.L.S.***, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015