J-S24039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NEAL LEROY WOLFE | |
| Appellant | No. 1709 MDA 2015 |

Appeal from the Order Entered September 17, 2015
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000060-2014

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 23, 2016**

Appellant, Neal Leroy Wolfe, appeals *pro se* from the order entered in the Union County Court of Common Pleas, dismissing his first petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court opinion accompanying its notice of intent to dismiss per Pa.R.Crim.P. 907 set forth the relevant facts and procedural history of this case as follows:

> On January 24, 2014, the Commonwealth charged [Appellant] with a two (2) count Information.  Count 1 being the crime of simple assault,[1] a misdemeanor of the

---

[1] The charges arose from an incident in which Appellant placed his hands around his Victim's neck and throat causing severe redness to her neck.  At that time, Appellant was on probation.

second degree punishable by up to two (2) years' incarceration, a $5,000 fine or both. On March 12, 2014, [Appellant] entered a guilty plea to simple assault and the terms of the plea agreement were to be a "standard range county sentence middle of standard range."

A Presentence Investigation Report was prepared by the Union County Probation Department, which recommended against a county sentence. [Appellant] was scheduled for sentencing on May 13, 2014. A review of the sentencing transcript beginning with Page 2 reveals the following dialogue between defense counsel and the [c]ourt in the presence of [Appellant]:

THE COURT: Well, if I'm revoking his five-year intermediate punishment sentence, sentence him to the standard range, it's going to aggregate into a state sentence anyway.

MR. BEST: Unless it would be run concurrently, that's correct.

THE COURT: Which isn't going to happen. So at this point I'm not going to agree to a county sentence.

After that a sidebar discussion with counsel took place. Following the sidebar discussion, the [c]ourt went back on the record and made the following statements in the presence of [Appellant]:

THE COURT: After our discussion at sidebar, it's my understanding that after reviewing the Presentence Report, the recommendation of the Probation Department, the parties have agreed to modify the plea agreement primarily as to the location; it wouldn't be a county sentence. It would be a state sentence, and essentially it would be at the bottom of the standard range on the current charge of simple assault and it would be the bottom half—well, almost the bottom of the standard range on the revocation. Is that correct, Mr. Best?

MR. BEST: That's correct, Your Honor.

THE COURT:      Mr. Johnson?

MR. JOHNSON:    Yes sir; and that the maximum on each would be 24 months, and those sentences would be consecutive for an aggregate sentence of 4 to 48 months.

THE COURT:      [Appellant], do you understand the discussion that we've just had?

[APPELLANT]:    Yes.

THE COURT:      Essentially what the modified agreement would be is you would receive a 4-month to 48-month sentence in a state correctional institution; you would receive credit since going back to January 24th. Do you understand that?

[APPELLANT]:    Yep.

THE COURT:      Actually, he would receive credit on the simple assault, not the revocation.

MR. BEST:       (Nods head up and down).

THE COURT:      Very well, [is] that modification acceptable to you?

[APPELLANT]:    Yes.

THE COURT:      Was that a yes? Is that a yes?

[APPELLANT]:    Yes.

Following that discussion on the record, [Appellant] was sentenced to a period of incarceration in a state correctional facility of three (3) months to two (2) years. He was given 110 days of credit.

*       *       *

[Appellant]'s chief complaint is that he wanted to have his sentence served in the county jail and has alleged that his attorney never addressed the [c]ourt about doing county

- 3 -

time.

(PCRA Opinion, filed July 15, 2015, at 1-2).  The simple assault conviction constituted a violation of a prior intermediate punishment sentence, which was revoked at this proceeding as well.  On the revocation sentence, the court imposed a term of incarceration of one (1) month to twenty-four (24) months.  Appellant's aggregate sentence was four (4) to forty-eight (48) months' incarceration.  Appellant did not file a post-sentence motion to modify his sentence or a direct appeal.

In its Rule 1925(a) opinion, the court continues:

> On May 6, 2015, [Appellant] filed a [m]otion for [PCRA relief].  On July 15 2015, the [c]ourt filed a Notice of Intention to Dismiss the Petition without a hearing [per Pa.R.Crim.P. 907].  An Opinion was attached to the Notice of Intention to Dismiss.
>
> On July 30, 2015, the [c]ourt entered an Order appointing the Public Defender's Office to represent [Appellant].  On August 31, 2015, [c]ourt–[a]ppointed [c]ounsel filed a **Turner-Finley** No Merit Letter and a [m]otion to [w]ithdraw as [c]ounsel.  On September 14, 2015, the [c]ourt granted the [m]otion to [w]ithdraw and on September 17, 2015, dismissed [Appellant]'s [m]otion for [PCRA relief].
>
> On October 1, 2015, [Appellant] filed a [n]otice of [a]ppeal.  The [c]ourt then entered a Scheduling Order requiring [Appellant] to file a concise statement of errors complained of on appeal on or before October 23, 2015.

(PCRA Court Opinion, filed November 2, 2015, at 1).

As a prefatory matter, "to preserve their claims for appellate review, appellants must comply whenever the [PCRA] court orders them to file a

Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. As a general rule, any issues not raised in a [Rule] 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Here, by order dated October 2, 2015, and entered with notice to Appellant on October 5, 2015, the PCRA court ordered Appellant to file a Rule 1925(b) statement. Appellant filed his Rule 1925(b) statement on November 25, 2015, after the certified record had been transmitted to this Court. Based on Appellant's failure to preserve his claim(s) in a Rule 1925(b) statement, we deem Appellant's issue(s) waived.

Moreover, Appellant proceeds in this appeal *pro se*. While a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not entitle an appellant to any particular advantage because the appellant lacks legal training. **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa.Super. 1996). Appellant has a duty to file a comprehensible brief and to raise and develop his issues sufficiently for appellate review. **Commonwealth v. Hardy**, 918 A.2d 766 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2007). Accordingly, "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa.Super. 2003), *appeal denied*, 583 Pa. 695, 879 A.2d 782 (2005).

Rule 2111 of the Pennsylvania Rules of Appellate Procedure mandates that an appellant's brief **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1)    Statement of jurisdiction.

(2)    Order or other determination in question.

(3)    Statement of both the scope of review and the standard of review.

(4)    Statement of the questions involved.

(5)    Statement of the case.

(6)    Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)  In the Superior Court, a copy of the statement of the matters complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a).  Further,

The argument [section] **shall** be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a) (emphasis added).

Instantly, Appellant's initial brief and reply brief fail to comply with many of the pertinent Pennsylvania Rules of Appellate Procedure; for example, the briefs lack a statement of jurisdiction, a statement of the scope and standard of review, a statement of the questions involved, a comprehensible summary of the argument, and legal argument sufficient for appellate review. *See* Pa.R.A.P. 2111 (a), Pa.R.A.P. 2119(a). Given these deficiencies, Appellant has waived his issue(s) on this ground also.[2] Accordingly, we affirm. *See In Interest of K.L.S.*, 594 Pa. 194, 934 A.2d 1244 (2007) (stating trial court's order or judgment is more properly "affirmed," when appellant has failed to preserve issues for appeal).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2016

_____

[2] Moreover, to the extent we can decipher Appellant's claim(s), the record belies them. Here, the court rejected a county sentence. The parties renegotiated in open court, and the court reviewed the agreement (to state incarceration) with Appellant on the record. Appellant acknowledged his understanding and acceptance of the new sentence. Thus, even if Appellant had properly preserved his claim(s), they would not merit relief.