J-A10037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIMBERLY LYNN ARMAGOST | |
| Appellant | No. 576 WDA 2015 |

Appeal from the Judgment of Sentence April 1, 2015
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-SA-0000031-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MARCH 29, 2016**

Appellant, Kimberly Lynn Armagost, appeals *pro se* from the judgment of sentence entered in the Venango County Court of Common Pleas, following her summary convictions for driving without a license and driving while operating privilege is suspended or revoked (*see* 75 Pa.C.S.A. §§ 1501(a); 1543(a)).  On June 4, 2014, Trooper Jason Morrison observed Appellant driving at an excessive speed without wearing a seatbelt, and stopped her vehicle after determining the vehicle's registration had been suspended.  Appellant falsely represented that she was Charity Pascorell, Appellant's sister.  Trooper Morrison issued citations containing Ms. Pascorell's name as the offender.  Several weeks later, Ms. Pascorell called police inquiring about the citations, and police subsequently issued six summary citations to Appellant, after learning Appellant was the actual

offender.  A magistrate convicted Appellant of all offenses on September 8, 2014, and sentenced Appellant to an aggregate term of 30 days' imprisonment, plus fines and costs.  On October 8, 2014, Appellant timely filed a summary appeal for a trial *de novo*.  The court held a trial *de novo* on March 31, 2015 and April 1, 2015.  At the conclusion of trial, the court convicted Appellant of driving without a license and driving while operating privilege is suspended or revoked.  The court sentenced Appellant that day to concurrent terms of 45 days' imprisonment for each conviction, plus fines and costs.  Appellant timely filed a notice of appeal on April 7, 2015.[1]  The court ordered her to file a Pa.R.A.P. 1925(b) statement and granted her two extensions, until June 9, 2015, to file a concise statement.  On June 12, 2015, Appellant requested another extension, which the court denied.  To date, Appellant has not filed a concise statement.

Preliminarily, "to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925.  [As a general rule, a]ny issues not raised in a [Rule] 1925(b) statement will be deemed

_____

[1] Appellant retained private counsel to represent her in the trial court.  After filing a notice of appeal on Appellant's behalf, counsel asked to withdraw; and the trial court granted counsel's request.  By *per curiam* order issued on June 15, 2015, this Court advised Appellant that, based on the trial court's order granting private counsel's request to withdraw, Appellant would be proceeding *pro se* on appeal and free to employ another attorney to represent her.  Appellant did not retain new private counsel for the appeal.

waived." ***Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting ***Commonwealth v. Lord***, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)).  Instantly, on April 17, 2015, the court ordered Appellant to file a Rule 1925(b) statement.  The court granted Appellant two extensions of time to file her concise statement, but she failed to comply with the court's most recent order granting her an extension of time until June 9, 2015.  After that deadline expired, Appellant requested another extension, which the court denied.  To date, Appellant has not filed a Rule 1925(b) statement.  Consequently, we deem Appellant's issue(s) waived. ***See Castillo, supra***; ***Lord, supra***.  Further:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  …  Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted).  ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).  Here, Appellant's "brief" is a letter to this Court that is woefully inadequate. Appellant does not attempt to comply with **any** of the Rules of Appellate Procedure and fails to cite any legal authority.  ***See Commonwealth v. Maris***, 629 A.2d 1014 (Pa.Super. 1993) (stating noncompliance with Rule

2116 is particularly grievous because statement of questions involved defines specific issues for review); Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). Instead, Appellant merely attacks the court's credibility determinations at trial. Given these deficiencies, Appellant has waived her issue(s) on this ground also. Accordingly, we affirm. *See In Interest of K.L.S.*, 594 Pa. 194, 934 A.2d 1244 (2007) (stating trial court's order or judgment is more properly "affirmed," when appellant has failed to preserve issues for appeal).

Judgment of sentence affirmed. Case is stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016

- 4 -