J-S41037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WOLF ORGANIZATION, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TNG CONTRACTORS, LLC, T/D/B/A | : | |
| SHOWPLACE DESIGN AND REMODEL | : | |
| | : | |
| Appellant | : | No. 2029 MDA 2016 |

Appeal from the Order Entered November 16, 2016
In the Court of Common Pleas of York County
Civil Division at No(s):  2015-SU-001461-86

BEFORE:    GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:               **FILED JUNE 19, 2017**

Appellant, TNG Contractors, LLC, t/d/b/a Showplace Design and Remodel, appeals from the order entered in the York County Court of Common Pleas, which denied Appellant's motion to open a default judgment in this breach of contract action.  Appellee, Wolf Organization Inc., filed a complaint against Appellant on April 27, 2015, for breach of contract. Appellant failed to respond to the complaint.  Appellee served Appellant on May 28, 2015, with a 10-day notice of intent to take default as required under Pa.R.C.P. 237.1.  Appellant again failed to respond to the complaint. On July 13, 2015, Appellee filed a proper *praecipe* for entry of default judgment, which was entered that day against Appellant.  Appellant filed a petition to open the default judgment on August 14, 2015.  The court denied

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant's petition to open the default judgment on November 16, 2016. Appellant filed a timely notice of appeal on December 13, 2016. On December 21, 2016, the court entered an order on the docket, with proper notice per Pa.R.C.P. 236, directing Appellant to file a concise statement of errors complained of on appeal within twenty-one days, per Pa.R.A.P. 1925(b). Appellant did not file its Rule 1925(b) statement until Tuesday, January 24, 2017.

Preliminarily, we observe an appellant must timely comply whenever the trial court orders an appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998). Regarding civil cases:

> Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that failure to comply with the minimal requirement of [Rule] 1925(b) will result in **automatic waiver** of the issues raised. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. …

**Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (internal citations and quotation marks omitted) (emphasis in original). In civil cases, under Rule 1925(b): (1) the trial court must issue an order directing an appellant to file a concise statement of errors within twenty-one days of that order; (2) the trial court must file the order with the prothonotary; (3) the prothonotary must enter the order on the docket; (4) the prothonotary must give written notice of the entry of the order to each party, pursuant to Rule 236; and (5)

the prothonotary must record Rule 236 notice on the docket. *See* Pa.R.A.P. 1925(b); *Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223 (Pa.Super. 2005). *See also* Pa.R.A.P. 108(b) (explaining date of entry of order in cases subject to Pennsylvania Rules of Civil Procedure shall be day on which clerk notes on docket that notice of entry of order was given to parties as required by Rule 236).

Instantly, Appellant timely filed a notice of appeal on December 13, 2016. On December 21, 2016, the court entered an order on the docket, with Rule 236 notice, directing Appellant to file a Rule 1925(b) concise statement within twenty-one days. Thus, Appellant's Rule 1925(b) statement was due by Wednesday, January 11, 2017. *See* Pa.R.A.P. 108(b); Pa.R.A.P. 1925(b); *Forest Highlands, supra*. Appellant did not file its statement until January 24, 2017, which was patently untimely. Nothing in the record indicates Appellant sought or was granted an extension of time to file the statement. Likewise, nothing in the record indicates any breakdown in the operations of the court to justify the delayed filing. Therefore, Appellant waived its issues for appellate review. *See Greater Erie, supra*. Accordingly, we affirm the order denying Appellant's petition to open the default judgment. *See generally In re K.L.S.*, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/19/2017