934 A.2d 1244

**The Interest of K.L.S.**

**No. 133 MAP 2006.**

Supreme Court of Pennsylvania.

Submitted May 30, 2007.

Decided Nov. 21, 2007.

Sean Patrick McGraw, Esq., David R. Crowley, Esq., Centre County Public Defender's Office, Bellefonte, for Kerri Lynn Simmet.

Daniel McGee, Esq., Delafield, McGee, Jones & Kauffman, P.C., State College, for Centre County Office of Mental Health/Mental Retardation/Drug and Alcohol.

BEFORE: CAPPY, C.J., CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## *OPINION*

Justice FITZGERALD.

We decide whether post-trial motions pursuant to Pennsylvania Rule of Civil Procedure 227.1 must be filed in order to preserve issues for appeal in matters arising under the Mental Health Procedures Act (MHPA), 50 P.S. §§ 7101–7503. We

hold post-trial motions were not required under the circumstances of this case, and therefore vacate and remand.

On January 5, 2006, the Meadows Psychiatric Center sought the involuntary commitment to inpatient treatment of appellant K.L.S. by a petition filed pursuant to Section 303 of the MHPA.[1] A Mental Health Review Officer (MHRO) concluded that statements made by appellant about suicide demonstrated that she was a clear and present danger to herself and that she was unable to meet her need for "self-protection

1. Section 303, 50 P.S. § 7303, provides for "extended involuntary emergency treatment certified by a judge or mental health review officer-not to exceed twenty days," in pertinent part, as follows:

(a) **Persons Subject to Extended Involuntary Emergency Treatment.**—Application for extended involuntary treatment may be made for any person who is being treated pursuant to [50 P.S. § 7302] whenever the facility determines that the need for emergency treatment is likely to extend beyond 120 hours. The application shall be filed forthwith in the court of common pleas, and shall state the grounds on which extended treatment is believed to be necessary ...

(b) **Appointment of Counsel and Scheduling of Informal Hearing.**— Upon receiving such application, the court of common pleas shall appoint an attorney who shall represent the person unless it shall appear that the person can afford, and desires to have, private representation. Within 24 hours after the application is filed, an informal hearing shall be conducted by a judge or by a mental health review officer and, if practicable, shall be held at the facility.

(c) **Informal Conference on Extended Emergency Treatment Application.**—(1) ... At the conclusion of the review, if the judge or the review officer finds that the person is severely mentally disabled and in need of continued involuntary treatment, he shall so certify. Otherwise, he shall direct that the facility director or his designee discharge the person ...

(f) **Effect of Certification.**—Upon the filing and service of a certification for extended involuntary emergency treatment, the person may be given treatment in an approved facility for a period not to exceed 20 days.

(g) **Petition to Common Pleas Court.**—In all cases in which the hearing was conducted by a mental health review officer, a person made subject to treatment pursuant to this section shall have the right to petition the court of common pleas for review of the certification. A hearing shall be held within 72 hours after the petition is filed unless a continuance is requested by the person's counsel. The hearing shall include a review of the certification and such evidence as the court may receive or require. If the court determines that further involuntary treatment is necessary and that the procedures prescribed by this act have been followed, it shall deny the petition. Otherwise, the person shall be discharged.

50 P.S. § 7303(a), (b), (c), (f), (g).

and safety" within the meaning of 50 P.S. §§ 7301(b)(2)(i). Appellant was certified for up to twenty days of involuntary hospitalization. Appellant filed a Petition for Review of Certification in the Court of Common Pleas of Centre County challenging the determination of the MHRO. The court denied the petition by order dated January 18, 2006.[2] Appellant filed a timely appeal of that order in Superior Court, but Superior Court quashed the appeal on the basis that appellant did not file post-trial motions, and all issues were thus waived.[3]

■ We granted allowance of appeal to determine whether post-trial motions are required in order to preserve issues for appeal in cases like this one. As this is a question of law, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

■ In holding appellant's claims were waived, Superior Court relied on its decision in *In re T.I.*, 854 A.2d 538 (Pa.Super.2004). In *T.I.*, Superior Court held:

As in the vast majority of civil proceedings, a party seeking review of a court of common pleas' decision to uphold a MHROs involuntary commitment order under the MHPA must file a post-trial motion under Pa. R.C.P. 227.1 in order to preserve his or her issues for appeal. This requirement inheres whether the court of common pleas takes evidence *de novo* or, as in this case, makes its determination based on the record developed during proceedings before the MHRO.

854 A.2d at 545. President Judge Emeritus Del Sole filed a concurring opinion in the instant case in which he agreed that

---

**2.** The trial court made its decision after listening to the audio cassette of the certification hearing before the MHRO. Tr. Ct. Order dated January 18, 2006. The trial court's review in such cases must include "the certification and such evidence as the court may receive or require." 50 P.S. § 7303(g). The court's review need not be a "full, *de novo* hearing." *In re R.F.*, 914 A.2d 907, 916 n. 2 (Pa.Super.2006).

**3.** An appeal is "quashed" when the court lacks jurisdiction over the appeal in the first instance. *Salutsky v. H.H. Knoebel Sons*, 566 Pa. 593, 782 A.2d 996, 1001 n. 3 (2001). When the appellant has failed to preserve issues for appeal, the issues are waived, and the lower court's order is more properly "affirmed." *Id. See, e.g., Sellers v. Runkle*, 439 Pa. 312, 267 A.2d 847, 848 (1970).

Superior Courts precedent in *T.I.* dictated the result, but he opined that no post-trial motions should be required to preserve appellate review in cases involving mental health commitments. For the reasons that follow, we agree, and disapprove of the reasoning and decision in *T.I.*

Appellant argues that post-trial motions need not be filed pursuant to the MHPA because proceedings before the MHPA are governed by the rules of petition practice. The Note to Pa.R.C.P. 227.1(c) states: "A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice." Section 109(b) of the MHPA, referring to proceedings concerning involuntary emergency treatment under Section 303(c), provides that in "all cases in which the hearing is conducted by a mental health review officer, a person subject to treatment shall have the right to petition the court of common pleas for review of the certification." 50 P.S. § 7109(b). Section 303(g) of the MPHA, "Petition to Common Pleas Court," provides "In all cases in which the hearing was conducted by a mental health review officer, a person made subject to treatment pursuant to this section shall have the right to petition the court of common pleas for review of the certification." 50 P.S. § 7303(g). And Section 304(b), "Procedures for Initiating Court-ordered Involuntary Treatment for Persons Already Subject to Involuntary Treatment," provides "Petition for court-ordered involuntary treatment for persons already subject to treatment under sections 303, 304, and 305 may be made ... to the court of common pleas." 50 P.S. § 7304(b). Proceedings pursuant to the MHPA are governed by the rules of petition practice. The Note to Pa.R.C.P. 227.1(c) therefore applies to those proceedings, and post-trial motions are not required to preserve issues for appeal. *See also Coco Brothers, Inc. v. Board of Public Education,* 530 Pa. 309, 608 A.2d 1035 (1992) (holding that where action to enforce judgment against a school district was governed by petition practice under 24 P.S. § 6–611, no post-trial motions were required).

We are further persuaded that post-trial motions should not be required here because practice pursuant to the MHPA is analogous to practice in support and divorce actions, and post-

trial motions are not required in those cases. For example, an action for support is heard first by a conference officer who issues a conference summary stating the amount of support awarded, if any, and by which party it is owed. Pa.R.C.P. 1910.11(e). The conference summary is sent to the court for the issuance of an interim order. Pa.R.C.P.1910.11(f). If neither party demands a hearing within 10 days, the order becomes final; if a hearing is demanded, a trial *de novo* is held, and a final order issued. Pa.R.C.P.1910.11(g),(h),(i). "No motion for post-trial relief may be filed to the final order of support." Pa.R.C.P.1910.11(k).

Divorce actions are governed by a similar procedure initiated before a master, who prepares a report that is sent to the court for the issuance of a final order "[i]f no exceptions are filed." Pa.R.C.P.1920.55–2(d). If exceptions are filed the court hears argument before the entry of a final decree. Pa.R.C.P.1920.55–2(c). "No motion for post-trial relief may be filed to the final decree." Pa.R.C.P.1920.55–2(e). In support and divorce actions, a law-trained, quasi-judicial officer hears the case and issues an order that is referred to the court for the entry of a final order. Appellant posits that post-trial motions are not permitted in support and divorce actions because the hearing before a law-trained, quasi-judicial officer serves the same purpose as a hearing before a judge in a bench trial, and the review provided in the court of common pleas in each proceeding effectively serves the function of post-trial motions.

In proceedings under the MHPA, the case is likewise heard by the MHRO, a law-trained, quasi-judicial officer [1] who prepares a certification of findings "as to the reasons that extend-

4. "Mental health review officers shall be members of the bar of the Supreme Court of Pennsylvania, without restriction as to the county of their residence and where possible should be familiar with the field of mental health. Law-trained municipal court judges may be appointed mental health review officers." 50 P.S. § 7109(a). The Pennsylvania Department of Public Welfare, which administers the MHPA in conjunction with county agencies, must "inform the mental health review officers and courts of new policies, procedures, and interpretations relating to the act and the provision of mental health services and will

ed involuntary treatment is necessary [and] a description of the treatment to be provided together with an explanation of the adequacy and appropriateness of such treatment, based upon the information received at the hearing." 50 P.S. § 7303(d). The subject of a certification to involuntary commitment may file a petition for review of that certification to the court of common pleas, which is then charged with "a review of the certification and such evidence as the court may receive or require." 50 P.S. § 7109(b). The review provided in the court of common pleas of the certification of findings by a law-trained, quasi-judicial officer in mental health certifications serves the same purpose as post-trial motions in a proceeding pursuant to the MHPA.

Moreover, Pa.R.C.P. 227.1(g) precludes the filing of post-trial motions in MHPA proceedings because the rule prohibits the filing of post-trial motions to a "final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas." The certification of a MHRO is such a "final adjudication or determination."

Appellant's final argument mirrors P.J.E. Del Sole's concern that there is no statewide uniformity in the handling of the appeals of MHPA cases because they are assigned to different divisions of the various courts of common pleas in different counties. In some counties, MHPA cases are heard in the civil division where post-trial motions are required, in others, they are heard in family court where post-trial motions are not permitted, and in still others, they are assigned to the orphans' court division where Rule 7.1(a) provides for appeal without the filing of exceptions "if the grounds for appeal are otherwise preserved."

"The purpose of filing post-trial motions is to assure the efficient operation of the judicial process and to allow the trial court the opportunity to rectify errors and obviate the delay and expense of appellate review.' " *Ross v. Southeastern Pennsylvania Transportation Authority,* 714 A.2d 1131, 1133 (Pa.

make available training to aid them in carrying out their duties." 55 Pa.Code 5100.21(a).

Commw.1998), quoting *Commonwealth v. Perry,* 279 Pa.Super. 32, 420 A.2d 729, 731 (1980). *See also Ferber v. City of Philadelphia,* 661 A.2d 470, 478 (Pa.Commw.1995) (The purpose of [the post-trial motion requirement] is to afford the trial court the opportunity to correct an error at the time it is made, and to inform the court of the issues which must be decided at the post-trial stage), *appeal denied,* 544 Pa. 615, 674 A.2d 1077 (1996). In the case of a trial, the motion is presented to the trial judge who is given the opportunity to rectify errors and obviate the delay and expense of appellate review. *Ross, supra.*

In support and divorce proceedings, where post-trial motions are forbidden, the findings of fact and determinations of a conference officer or a master are presented to a judge of the court of common pleas who has the opportunity to rectify errors and obviate the delay and expense of appellate review. *Id.* In proceedings pursuant to the MHPA, the findings of an MHRO are similarly reviewed by a judge of the court of common pleas. To require that the MHRO's findings and court's approval be subject to post-trial motions simply adds a redundant layer of review that does little more than cause unnecessary delay in the appeal process. Prevention of such delay in the review process is particularly important in the context of involuntary commitment proceedings.

The review of a certification by the court of common pleas as provided in the MHPA serves the purpose of post-trial motions in that it assure[s] the efficient operation of the judicial process [by allowing] the trial court the opportunity to rectify errors and preserves the issues for appellate review. *Id.* We therefore hold that post-trial motions are not required to preserve issues for appeal after the common pleas court reviews and confirms the MHRO's determination in proceedings pursuant to the MHPA.

Accordingly, we vacate the order of Superior Court quashing the appeal in this matter and remand to Superior Court for further proceedings.

Chief Justice CAPPY, and Justice CASTILLE, SAYLOR, EAKIN and BAER and Justice BALDWIN join the opinion.