J-S02035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
        v.                    :
:
:
:
ALEX TONEY                 :
:
         Appellant          :     No. 2710 EDA 2016

Appeal from the Judgment of Sentence August 9, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001747-2016

BEFORE:   BOWES, J., NICHOLS, J., and RANSOM*, J.

MEMORANDUM BY RANSOM, J.:          **FILED APRIL 03, 2018**

Appellant, Alex Toney, appeals from the judgment of sentence imposed August 9, 2016, following his convictions for simple assault and possessing an instrument of crime with intent to employ it criminally.[1] Appellant has failed to preserve any issues for our review. Accordingly, we affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Trial Court Opinion (TCO), 4/20/17, at 1-3. Therefore, we have no reason to restate them at length. For the convenience of the reader, we note that, in 2015, Robert Tucker was working as a taxi cab driver for Germantown Cab Company in Philadelphia

_____

[1] 18 Pa.C.S. §§ 2701(a) and 907(a), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

when he engaged in a verbal argument with Appellant, who was riding a motorized scooter. Appellant then pulled out a small, black firearm from under his coat at his right hip, pointed the gun at Mr. Tucker, and said, "You don't want to do that." Appellant then drove away, and Mr. Tucker called 911. Police Officer Michael Wexler and his partner responded, located Appellant, and recovered a loaded, black nine-millimeter handgun from Appellant. During his bench trial, Appellant testified that he keeps his firearm in a holster underneath his jacket and that the gun may have been showing due to the wind pulling up his jacket as he rode on his scooter.

Following its verdict, the court imposed an aggregate sentence of three years of probation. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement ("Concise Statement") on October 25, 2016. The trial court issued a responsive opinion.

In his Concise Statement, Appellant raised the following challenges:

1. The evidence was insufficient as a matter of law. The complaining witness' testimony that Appellant, while seated on his motorcycle, and while moving, could turn back toward the complainant and point a weapon at him is simply not worthy of belief. ***Commonwealth v. Karkaria***, 533 Pa. 412, 625 A.2d 1167 (1993).

2. The evidence was insufficient as a matter of law to establish that Appellant pointed any item or implement at the complaining witness, let alone a gun. The fact that a gun was retrieve[d] from Appellant is not dispositive. In fact, it supports Appellant's position that he did not point his gun at the complainant because the gun was secured in a holster inside his waistband thus making it even more unlikely that, while astride his motorcycle, he would reach inside his waistband and into the holster and then turn back toward the

complainant using his dominant hand to a weapon while continuing to control his motorcycle.

Concise Statement at 1-2.

In his statement of questions involved pursuant to Pa.R.A.P. 2116 in his brief to this Court, Appellant raises one issue for our review:

Was the evidence insufficient as a matter of law in that the Commonwealth did not establish a specific intent to cause injury?

Appellant's Brief at 4.

In the argument section of his brief to this Court, pursuant to Pa.R.A.P. 2119, Appellant includes two separate arguments: (1) the Commonwealth failed to prove that he possessed "a specific intent to cause injury . . . to support a conviction for assault," Appellant's Brief at 11-12; and (2) the evidence was "so inherently unreliable that a verdict based on the testimony of the complainant cannot stand." *Id.* at 12-13.

"No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). As Appellant's statement of questions involved does not include any claim that the evidence was unreliable or otherwise unbelievable, this challenge is waived.[2]

---

[2] Assuming Appellant had preserved this issue for our review, we would note that "we may not weigh the evidence and substitute our judgment for the fact-finder. . . . [T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." **Commonwealth v. Fortson**, 165 A.3d 10, 14–15 (Pa. Super.) (citation and internal brackets omitted), **appeal denied**, *(Footnote Continued Next Page)*

Likewise, Appellant's Concise Statement does not contend that the evidence was insufficient to support the simple assault conviction due to the Commonwealth's failure to establish a specific intent to cause injury. The Concise Statement does not mention the element of intent at all. "Issues not included in the Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). As Appellant did not include any claim in his Concise Statement that his simple assault conviction was insufficient due to a failure to prove intent, he has also waived this issue.

Appellant has failed to preserve any issues for our review. Accordingly, we affirm the judgment of sentence. ***In re K.L.S.***, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (stating that where issues are waived on appeal, we should affirm rather than quash).

Judgment of sentence affirmed. Jurisdiction relinquished.

_(Footnote Continued)_ ────────────────

174 A.3d 558 (Pa. 2017). We would then conclude that the trial court opinion comprehensively and properly disposes of the question of sufficiency of the evidence. TCO at 4 (finding Mr. Tucker's testimony that, after a verbal argument, Appellant pulled out a gun, pointed it at him, and said, "You don't want to do that," to be credible and sufficient to support Appellant's conviction for simple assault), 4-5 (finding that the evidence supporting Appellant's conviction for possessing instrument of crime with intent to employ it criminally was based on Mr. Tucker's and Officer Wexler's testimony, which the trial court found credible, and that Appellant's testimony to the contrary was not believed by the trial court).

As for Appellant's citation to ***Karkaria***, 625 A.2d 1167, we would note that the Supreme Court of Pennsylvania recognized therein that, when the evidence is so fundamentally unreliable, the evidence is **insufficient**, which is not the same as, although is often confused for, a **weight** claim.

Judge Nichols joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/18