J-A10004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DIANE FAIRFIELD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD FAIRFIELD | : | |
| | : | |
| Appellant | : | No. 579 EDA 2017 |

Appeal from the Order Entered January 9, 2017
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s):  A06-12-60811-DY-19

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 20, 2018**

Appellant, Richard Fairfield ("Husband"), appeals from the order entered in the Bucks County Court of Common Pleas, which denied Husband's petition to modify alimony under the terms of a Marital Settlement Agreement ("MSA") between Husband and Appellee Diane Fairfield ("Wife"), and granted Wife's petition for enforcement of the MSA and for counsel fees.[1]  We affirm.

The trial court opinion fully and correctly set forth the relevant facts and procedural history of this case.  Thus, we have no reason to restate them.

Husband raises three issues for our review:

> DID THE TRIAL COURT ERR IN DENYING HUSBAND'S PETITION TO MODIFY ALIMONY?
>
> DID THE TRIAL COURT ERR IN GRANTING WIFE'S PETITION FOR COUNSEL FEES?

---

[1] The court's order also denied Wife's request to find Husband in contempt.

---

*   Retired Senior Judge assigned to the Superior Court.

> IS THE TRIAL COURT'S *SUA SPONTE* SUGGESTION THAT THIS APPEAL SHOULD BE DISMISSED, CONTRARY TO LAW?

(Husband's Brief at 3).[2]

Our review of a MSA implicates the following principles:

> A marital [settlement] agreement incorporated but not merged into the divorce decree survives the decree and is enforceable at law or equity. A settlement agreement between spouses is governed by the law of contracts unless the agreement provides otherwise.
>
> \* \* \*
>
> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.
>
> When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we

---

[2] With respect to Husband's third issue on appeal, the trial court stated in its opinion that Husband's failure to obtain the relevant transcript should result in waiver of all appellate issues or dismissal of the appeal. Nevertheless, the record supports Husband's assertion that he ordered the relevant transcript but transcription was delayed due to the retirement of the court reporter. The relevant transcript is now in the certified record, so we decline to waive any of Husband's issues or dismiss the appeal as suggested. Moreover, even if Husband had waived his issues for failure to obtain the relevant transcript, then we would affirm rather than dismiss the appeal. ***See In re K.L.S.***, 594 Pa. 194, 934 A.2d 1244 (2007) (noting if appellant waives issues on appeal, then we should affirm trial court's decision rather than quash or dismiss appeal). Thus, we give Husband's third issue on appeal no further attention.

must decide whether the trial court committed an error of law or abused its discretion.

[*Stamerro v. Stamerro*, 889 A.2d 1251, 1257-58 (Pa.Super. 2005)].

*Kraisinger v. Kraisinger*, 928 A.2d 333, 339 (Pa.Super. 2007) (some internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Raymond F. McHugh, we conclude Husband's remaining issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (*See* Trial Court Opinion, filed October 6, 2017, at 3-4; 6) (finding: **(1)** burden was on Husband to establish he did not lose job through any fault of his own; Husband argues his departure from employer was "without cause," but Husband failed to produce sufficient evidence to meet his burden; Husband's testimony at hearing concerning circumstances leading to his departure from employer was evasive, contradictory, and disingenuous; court simply did not believe him; Husband's 2014 employment review showed that individuals who worked for Husband "operate in climate of fear"; employment review explained employer would be observing Husband in his interactions with others and required Husband to make changes to his management style; Husband left employment approximately four to five months after that review; employment review directly contradicted portions of Husband's testimony; Husband failed to satisfy his burden to prove he lost job through no fault of his own; **(2)** limited award of counsel fees was reasonable, as Wife was not

- 3 -

in position to pay her total counsel fees; Husband was in position to pay portion of those fees[3]).  Accordingly, we affirm on the basis of the trial court's opinion with respect to Husband's first and second issues on appeal.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/18

---

[3] The record belies Husband's suggestion that the court could impose counsel fees only if the court found him in contempt.  To the contrary, the parties' MSA states: "It is specifically agreed and understood by and between the parties that any party who willfully breaches any portion of this Agreement shall be liable for reasonable attorneys' fees, costs and expenses incurred by the non-breaching party relative to any contempt **or** enforcement action." (MSA, dated 9/26/13, at 17; R.R. at 156a) (emphasis added).  The court found Husband failed to prove he lost his job "without cause."  Husband breached the MSA by unilaterally reducing his alimony payments, which caused Wife to petition the court to enforce the alimony provision.  Wife was entitled to counsel fees she incurred to enforce the MSA.  ***See id.  See also*** 23 Pa.C.S.A. § 3502(e)(7) (permitting award of counsel fees and costs where party has failed to comply with terms of agreement between parties).