J-A10004-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37
DIANE FAIRFIELD : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee
Vv.

RICHARD FAIRFIELD

Appellant : No. 579 EDA 2017

Appeal from the Order Entered January 9, 2017
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s): AQ6-12-60811-DY-19

BEFORE: GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM*, J.
MEMORANDUM BY GANTMAN, P.J.: FILED JUNE 20, 2018

Appellant, Richard Fairfield (“Husband”), appeals from the order entered
in the Bucks County Court of Common Pleas, which denied Husband’s petition
to modify alimony under the terms of a Marital Settlement Agreement (“MSA”)
between Husband and Appellee Diane Fairfield (“Wife”), and granted Wife’s
petition for enforcement of the MSA and for counsel fees.! We affirm.

The trial court opinion fully and correctly set forth the relevant facts and
procedural history of this case. Thus, we have no reason to restate them.

Husband raises three issues for our review:

DID THE TRIAL COURT ERR IN DENYING HUSBAND'S
PETITION TO MODIFY ALIMONY?

DID THE TRIAL COURT ERR IN GRANTING WIFE’S PETITION
FOR COUNSEL FEES?

1 The court’s order also denied Wife’s request to find Husband in contempt.

* Retired Senior Judge assigned to the Superior Court.
J-A10004-18

IS THE TRIAL COURT'S SUA SPONTE SUGGESTION THAT
THIS APPEAL SHOULD BE DISMISSED, CONTRARY TO LAW?

(Husband's Brief at 3).2
Our review of a MSA implicates the following principles:

A marital [settlement] agreement incorporated but not
merged into the divorce decree survives the decree and is
enforceable at law or equity. A settlement agreement
between spouses is governed by the law of contracts unless
the agreement provides otherwise.

kK kK kK

Because contract interpretation is a question of law,
this Court is not bound by the trial court’s
interpretation. Our standard of review over questions
of law is de novo and to the extent necessary, the
scope of our review is plenary as the appellate court
may review the entire record in making its decision.
However, we are bound by the trial court’s credibility
determinations.

When interpreting a marital settlement agreement,
the trial court is the sole determiner of facts and
absent an abuse of discretion, we will not usurp the
trial court’s fact-finding function. On appeal from an
order interpreting a marital settlement agreement, we

2 With respect to Husband's third issue on appeal, the trial court stated in its
opinion that Husband’s failure to obtain the relevant transcript should result
in waiver of all appellate issues or dismissal of the appeal. Nevertheless, the
record supports Husband’s assertion that he ordered the relevant transcript
but transcription was delayed due to the retirement of the court reporter. The
relevant transcript is now in the certified record, so we decline to waive any
of Husband's issues or dismiss the appeal as suggested. Moreover, even if
Husband had waived his issues for failure to obtain the relevant transcript,
then we would affirm rather than dismiss the appeal. See In re K.L.S., 594
Pa. 194, 934 A.2d 1244 (2007) (noting if appellant waives issues on appeal,
then we should affirm trial court’s decision rather than quash or dismiss
appeal). Thus, we give Husband's third issue on appeal no further attention.

-2-
J-A10004-18

must decide whether the trial court committed an
error of law or abused its discretion.

[Stamerro v. Stamerro, 889 A.2d 1251, 1257-58
(Pa.Super. 2005)].

Kraisinger v. Kraisinger, 928 A.2d 333, 339 (Pa.Super. 2007) (some
internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the
applicable law, and the well-reasoned opinion of the Honorable Raymond F.
McHugh, we conclude Husband's remaining issues merit no relief. The trial
court opinion comprehensively discusses and properly disposes of those
questions. (See Trial Court Opinion, filed October 6, 2017, at 3-4; 6) (finding:
(1) burden was on Husband to establish he did not lose job through any fault
of his own; Husband argues his departure from employer was “without cause,”
but Husband failed to produce sufficient evidence to meet his burden;
Husband’s testimony at hearing concerning circumstances leading to his
departure from employer was evasive, contradictory, and disingenuous; court
simply did not believe him; Husband’s 2014 employment review showed that
individuals who worked for Husband “operate in climate of fear”; employment
review explained employer would be observing Husband in his interactions
with others and required Husband to make changes to his management style;
Husband left employment approximately four to five months after that review;
employment review directly contradicted portions of Husband’s testimony;
Husband failed to satisfy his burden to prove he lost job through no fault of

his own; (2) limited award of counsel fees was reasonable, as Wife was not

-3-
J-A10004-18

in position to pay her total counsel fees; Husband was in position to pay
portion of those fees?). Accordingly, we affirm on the basis of the trial court’s
opinion with respect to Husband’s first and second issues on appeal.

Order affirmed.

Judgment Entered.

(
Joseph D. Seletyn, Es
Prothonotary

Date: 6/20/18

3 The record belies Husband’s suggestion that the court could impose counsel
fees only if the court found him in contempt. To the contrary, the parties’
MSA states: “It is specifically agreed and understood by and between the
parties that any party who willfully breaches any portion of this Agreement
Shall be liable for reasonable attorneys’ fees, costs and expenses incurred by
the non-breaching party relative to any contempt or enforcement action.”
(MSA, dated 9/26/13, at 17; R.R. at 156a) (emphasis added). The court found
Husband failed to prove he lost his job “without cause.” Husband breached
the MSA by unilaterally reducing his alimony payments, which caused Wife to
petition the court to enforce the alimony provision. Wife was entitled to
counsel fees she incurred to enforce the MSA. See id. See also 23 Pa.C.S.A.
§ 3502(e)(7) (permitting award of counsel fees and costs where party has
failed to comply with terms of agreement between parties).

-4-