J-A14011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.C.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| T.C.L.B. | : | |
| | : | |
| Appellant | : | No. 41 EDA 2018 |

Appeal from the Order Dated November 21, 2017
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s):  2009-63987

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 03, 2018**

Appellant, T.C.L.B. ("Mother"), appeals from the order entered in the Bucks County Court of Common Pleas, which granted the petition of Appellee, D.C.L. ("Father"), to modify custody, concerning the parties' minor son, D.L. ("Child").  We affirm.

The trial court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we summarize them as follows.  Mother and Father were married on February 22, 2007, separated in February of 2010, and divorced on September 10, 2010.  They have one male child together who was born in August of 2008.  Both Mother and Father have remarried.  Mother and Stepfather live in Haddonfield, New Jersey with their one child.  Mother works full-time for the Federal Aviation Administration at the Philadelphia International Airport, and part-time for the New Jersey Air National Guard.

_____
* Retired Senior Judge assigned to the Superior Court.

Stepfather is a retired United States Air Force and commercial pilot. Father and Stepmother live in Langhorne, Pennsylvania with their one child. Father works full-time as a cardiologist in Bucks County. Stepmother is currently unemployed. Father also has several other children from prior marriages before his marriage to Mother.

In Father's divorce complaint of January 19, 2010, he sought partial physical custody of Child. On February 19, 2010, Mother and Father reached a Stipulation Agreement to share legal custody and for Mother to have primary physical custody of Child, subject to Father's periods of partial physical custody. Subsequent to the Stipulation Agreement, disputes arose regarding the custody of Child. The court held a custody hearing on April 24, 2014, and ordered a custody evaluation. On October 16, 2014, Father filed a petition to modify custody. After a custody hearing on November 14, 2014, the court again ordered a custody evaluation. On December 15, 2014, the court appointed Dr. Cooke to perform the custody evaluation.

During 2015, the New Jersey Division of Child Protection and Permanency ("DCPP") became involved due to reports that Mother was driving while intoxicated with Child in the car. On April 22, 2015, Mother attempted suicide because she believed DCPP was going to take Child from her. Consequently, the New Jersey court temporarily transferred physical custody of Child to Father. Child remained in Father's custody from April 23, 2015 to November 4, 2015, after which the 2010 custody order was restored.

On February 8, 2016, Dr. Cooke issued a custody evaluation report, opining that Mother should have primary physical custody. Following Dr. Cooke's report, the court held nine additional custody hearings. On November 21, 2017, the court entered a custody order granting Father primary physical custody of Child, subject to Mother's periods of partial physical custody. Father filed an emergency petition for contempt on November 28, 2017, alleging Mother had failed to transfer Child to him per the court's custody order. On November 30, 2017, the court held a hearing and found Mother in contempt. The court also issued an interim order suspending Mother's partial physical custody for failure to transfer custody, pending another hearing. On December 19, 2017, Mother timely filed a notice of appeal and Rule 1925(a)(2)(i) statement, at docket 41 EDA 2018, from the November 21, 2017 custody order. On December 21, 2017, the parties appeared before the court, but after being advised of Mother's notice of appeal, the court cancelled the hearing and kept the November 30, 2017 interim order suspending Mother's partial custody in effect. On December 22, 2017, Mother filed a second notice of appeal, at docket 42 EDA 2018, from the November 30, 2017 order. On February 6, 2018, this Court *sua sponte* quashed the appeal at docket 42 EDA 2018, as interlocutory.

Mother raises the following issues for our review:

> WAS IT AN ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO REJECT THE REPORT AUTHORED AND THE TESTIMONY OFFERED BY THE NEUTRAL CUSTODY EVALUATOR IN FASHIONING AN ORDER THAT

TRANSFERRED PRIMARY PHYSICAL CUSTODY OF THE SUBJECT CHILD FROM [MOTHER] TO [FATHER]?

WAS IT AN ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO REJECT OR IGNORE VOLUMINOUS AND SUBSTANTIVE EVIDENCE IN FASHIONING AN ORDER THAT TRANSFERRED PRIMARY PHYSICAL CUSTODY OF THE SUBJECT CHILD FROM [MOTHER] TO [FATHER]?

WAS IT AN ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ENTER AN ORDER THAT WAS PUNITIVE TO [MOTHER] AND CONTRARY TO THE BEST INTEREST OF THE SUBJECT CHILD?

(Mother's Brief at 6).

In reviewing a child custody order:

[O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*S.J.S. v. M.J.S.*, 76 A.3d 541, 547-48 (Pa.Super. 2013) (internal citation omitted). "With any child custody case, the paramount concern is the best interests of the child. This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child." *A.D. v. M.A.B.*, 989 A.2d 32, 36 (Pa.Super.

- 4 -

2010).

When deciding whether to modify an existing custody order, the trial court must consider all of the factors set forth at 23 Pa.C.S.A. § 5328(a). *J.R.M. v. J.E.A.*, 33 A.3d 647 (Pa.Super. 2011). The Child Custody Act ("Act") provides:

> **§ 5328. Factors to consider when awarding custody**
>
> **(a) Factors.—**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
>
> (2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).
>
> (3) The parental duties performed by each party on behalf of the child.
>
> (4) The need for stability and continuity in the child's education, family life and community life.
>
> (5) The availability of extended family.
>
> (6) The child's sibling relationships.
>
> (7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8)  The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9)  Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10)  Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11)  The proximity of the residences of the parties.

(12)  Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13)  The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14)  The history of drug or alcohol abuse of a party or member of a party's household.

(15)  The mental and physical condition of a party or member of a party's household.

(16)  Any other relevant factor.

23 Pa.C.S.A. § 5328(a).  The amount of weight a trial court gives to any one factor is largely within the court's discretion.  *M.J.M. v. M.L.G.*, 63 A.3d 331, 339 (Pa.Super. 2013), *appeal denied*, 620 Pa. 710, 68 A.3d 909 (2013) (explaining trial court's purview, as finder of fact, is to determine which factors are most salient and critical in each particular case).

Further, the trial court is not required to accept the conclusions of a

custody evaluator in a child custody case. *M.A.T. v. G.S.T.*, 989 A.2d 11 (Pa.Super. 2010) (*en banc*). "It is an abuse of discretion, however, for a trial court to dismiss as unpersuasive, and to totally discount, uncontradicted expert testimony." *Id.* at 19. Thus, the trial court must consider a custody evaluator's conclusions, "and if the trial court chooses not to follow the expert's recommendations, its independent decision must be supported by competent evidence of record." *Id.* at 20.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Susan Devlin Scott, we conclude Mother's issues merit no relief. The trial court opinion fully discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed January 24, 2018, at 6-20; 22-23) (finding: court considered but did not accept Dr. Cooke's recommendation for Mother to retain primary physical custody of Child because: **(a)** Dr. Cooke discounted Mother's history of alcoholism and its impact on Child; **(b)** Dr. Cooke's conclusion that Mother and Father withheld Child for equivalent periods of time is not supported by record, which shows Mother withheld Child from Father more often; **(c)** Dr. Cooke did not consider Mother's Post Traumatic Stress Disorder; **(d)** Dr. Cooke did not assess Mother's extreme dislike of Father, which court found unwarranted; **(e)** Dr. Cooke did not take into account that Stepfather is significant, if not primary, caregiver for Child when Child is in Mother's care during week; **(f)** Stepmother's criminal history was for non-violent offenses

and relatively insignificant; **(g)** Stepmother's attempts to replace Mother have been unsuccessful; **(h)** Child is not alienated from Mother; **(i)** Father was primary caregiver when Child resided with him and is parent who can better maintain loving, consistent and nurturing relationship with Child and attend to Child's emotional needs; awarding primary physical custody of Child to Father is in Child's best interests).[1]  Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judge Platt joins this memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/18

---

[1] We decline to dismiss this appeal for vagueness of Mother's Rule 1925(a)(2)(i) statement.  The trial court adequately addressed Mother's appellate issues in its opinion and remarks from the bench on November 21, 2017 (attached to the court's opinion as Exhibit "B").  Moreover, to the extent the trial court did not address any of Mother's precise claims on appeal, those claims would be waived for vagueness; and we would still decline to dismiss the appeal on that basis.  **See In re K.L.S.**, 594 Pa. 194, 934 A.2d 1244 (2007) (noting if appellant waives issues on appeal, then we should affirm trial court's decision rather than quash or dismiss appeal); **In re A.B.**, 63 A.3d 345 (Pa.Super. 2013) (explaining this Court may deem issues waived on appeal where concise statement is too vague to permit meaningful review).