J-A28043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL KELLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIN ZAWISTOWSKI | : | |
| | : | |
| Appellant | : | No. 632 MDA 2021 |

Appeal from the Order Entered April 28, 2021
In the Court of Common Pleas of Bradford County Civil Division at No(s):
2016FC0479

BEFORE:    LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: NOVEMBER 17, 2021**

Appellant, Erin Zawistowski ("Mother"), appeals *pro se* from the custody

order dated April 23, 2021, and entered on April 28, 2021, in the Court of

Common Pleas of Bradford County, which granted Appellee, Michael Kelley

("Father"), primary physical custody of their minor child, A.A.K.  After a careful

review, we affirm.

The trial court has set forth the relevant facts and procedural history, in

part, as follows:

> [Mother and Father are the biological parents of A.A.K.].
> This modification of custody action began in 2018 when Father
> filed [a motion] to modify the Order of February 8, 2018[,]…which
> was a result of a stipulation the parties reached after at least one
> day of custody trial.  The [February 8, 2018,] Order provide[d] for
> Mother and Father to share [physical] custody on a week-to-week
> schedule.  Father now requests primary physical custody. The

---

[*] Former Justice specially assigned to the Superior Court.

parties were initially referred to mediation. Upon mediation being unsuccessful, a custody pretrial conference was scheduled. A Guardian Ad Litem was appointed [for the child]….[A] [c]ustody trial commenced on July 25, 2019, and was adjourned to October 1, 2019. On October 1, 2019, due to a change in employment, a new Guardian Ad Litem was appointed [for the child], and trial was adjourned to October 22, 2019. On October 22, 2019, the parties agreed, in lieu of trial, to attend co-parenting counseling. Trial was continued indefinitely, but with status conferences scheduled. [The parties' co-parenting counselor stopped providing counseling services, and the trial court directed the parties to agree upon a new counselor.] The parties agreed upon a [new] counselor, Lori Kingsley. Thereafter, the COVID-19 pandemic restrictions prevented them from attending counseling for a period of time. Counseling was finally completed prior to the October 28, 2020, status conference….[A] custody trial took place [on] January 25 and 26, 2021, February 16, 2021, March 2, 2021, March 10, 2021, and March 11, 2021. The parties requested to file proposed findings and argument, which was granted. Father filed his on March 17, 2021, and Mother filed hers on March 23, 2021.

The parties agreed to incorporate the testimony from the initial partial custody trial held in July 2017.

Father resides in Rome, Pennsylvania, with his wife, Kelly. They were married February 25, 2017, after dating since July [of] 2016. Father is self-employed, and his wife is employed with Tioga County Social Services. Father has no other children.

Mother resides in Rome, Pennsylvania. Mother has one other child who resides with her (and resides with her own father pursuant to a custody arrangement).

Child, A.A.K., (year of birth 2013) is 8 years of age.

Trial Court Opinion, filed 4/28/21, at 1-2.

After setting forth and analyzing the factors found in 23 Pa.C.S.A. §

5328(a), the trial court concluded:

[D]ue to the discord between the parents, a 50-50 arrangement is not stable and consistent for [the] child. Based upon the factors, it is in the best interest of [the] child to be in the primary

custody of Father during the school year. Summers, being more carefree, can continue to be shared custody.

*Id.* at 13. The trial court filed a corresponding order on April 28, 2021, which granted Father primary physical custody of A.A.K. during the school year, set forth Mother's periods of partial physical custody, and directed the parties have joint legal custody.

Thereafter, Mother filed a timely notice of appeal *pro se*, as well as a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on July 7, 2021.

Initially, prior to addressing the merits of Mother's appeal, we determine whether she has properly preserved any issues for our review. Father suggests Mother has waived all appellate issues due to the deficiencies of her appellate brief.

Pennsylvania Rule of Appellate Procedure 2111 relevantly provides the following:

**Rule 2111. Brief of the Appellant**

**(a) General rule.**--The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

    (1) Statement of jurisdiction.

    (2) Order or other determination in question.

    (3) Statement of both the scope of review and the standard of review.

    (4) Statement of the questions involved.

    (5) Statement of the case.

    (6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a) (bold in original).

Here, Mother's entire brief consists of a "Table of Contents," an "Argument," a "Conclusion," a "Certificate of Compliance," and the trial court's Rule 1925(a) opinion. Notably, Mother's brief does not contain a "Statement of Jurisdiction," the order in question, a "Statement of both the scope of review and the standard of review," a "Statement of the questions involved," a "Statement of the case," or a "Summary of argument."

Regarding the requirement of a "Statement of questions involved," Pennsylvania Rule of Appellate Procedure 2116 relevantly states, in part:

**Rule 2116. Statement of Questions Involved.**

**(a)** *General rule.*—The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.** Each question shall

> be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116 (emphasis in original and added).

As indicated *supra*, Mother's appellate brief does not contain a "Statement of questions involved" as required by our rules of appellate procedure. **See** Pa.R.A.P. 2111(a)(4); Pa.R.A.P. 2116(a). This Court has held that the failure to raise issues in a "Statement of questions involved" portion of the appellate brief, results in waiver of the appellate issues. **See Interest of: J.R.R.**, 229 A.3d 8 (Pa.Super. 2020) (holding that any issue not set forth in or suggested by an appellate brief's statement of questions involved is deemed waived); **Krebs v. United Refining Co.**, 893 A.2d 776, 797 (Pa.Super. 2006) (stating that we will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved and concise statement). As Mother's brief lacks a "Statement of questions involved," Mother has waived her issues.

Furthermore, the "Argument" section of Mother's brief is confusing and presents vague assertions of error. For example, Mother claims the trial court judge was "biased in nature," the trial court judge erred in allowing "appellate [*sic*] to admit into evidence unidentifiable text messages," and "appellate [*sic*]

knowingly and willfully gave statements under oath in the lower court trial that is being appealed[.]" Mother's Brief.[1]

However, Mother has not provided specific instances of alleged bias, which text messages are at issue, or which statements are at issue. Moreover, while Mother cites various statutes, she does not attempt to link the facts of her case to the statutes in any meaningful manner.

"The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*) (citation omitted). "[A]rguments which are not appropriately developed are waived." *Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa.Super. 2006) (citations omitted). *See R.L.P. v. R.F.M.*, 110 A.3d 201 (Pa.Super. 2015) (finding issues waived in custody appeal where the appellant's brief presented a vague, undeveloped argument).

Here, Mother has presented a confusing and vague "Argument," which prevents meaningful appellate review. Thus, her issues are waived on this basis, as well. *See id.*

We recognize that Mother is proceeding *pro se* in this matter.

[However,] [w]hile this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that [an] appellant is not entitled to any particular advantage because she lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [herself] in a legal proceeding must, to

_____

[1] Mother has not paginated her brief.

some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa.Super. 1996) (quotation marks and quotation omitted) (some brackets in original).

Accordingly, for the foregoing reasons, we conclude Mother has waived all issues on appeal.[2]  We, therefore, affirm the order of the trial court on this basis.[3]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2021

---

[2] We note the trial court urges this Court to find Mother's appellate issues waived on the basis her Rule 1925(b) statement does not concisely identify the errors complained of on appeal.  Trial Court Opinion, filed 7/7/21, at 1-2. ***See*** Pa.R.A.P. 1925(b)(4)(ii). In light of our conclusion *supra*, we need not determine whether Mother's statement complies with Rule 1925(b).

[3] ***See In re K.L.S.***, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating when an appellant has waived her issues on appeal, this Court should affirm the decision of the trial court rather than quash the appeal).