J-S28031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD LEE FLEMING, JR. | : | |
| | : | |
| Appellant | : | No. 382 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 29, 2021
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0000214-2020

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:          **FILED: AUGUST 26, 2022**

Appellant, Ronald Lee Fleming, Jr., appeals *pro se* from the judgment of sentence entered in the Adams County Court of Common Pleas, following the revocation of his probation.  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> This case has its origins in Appellant's guilty plea to one count of institutional vandalism on August 17, 2020. Pursuant to agreement, Appellant received a sentence of 12 months' probation, which was to run consecutive to any other sentences Appellant was serving.  This [c]ourt also ordered Appellant to pay restitution and costs.  As conditions of his sentence, Appellant was required to refrain from (1) violating the law and (2) engaging in any assaultive behavior that threatened or presented a danger to himself or others.
>
> Less than four months later, Appellant engaged in conduct that led to the revocation of his probation.  On January 15,

2021, Appellant was arrested on suspicion of DUI; during his arrest, Appellant damaged the Trooper's patrol vehicle. Consequently, Appellant received new criminal charges, including DUI and institutional vandalism. In addition, on January 19, 2021, the Adams County Department of Probation Services (hereinafter "DPS") filed a motion to revoke Appellant's probation on the ground that Appellant's conduct violated the terms of his probation. DPS also detained Appellant due to these violations. After a *Gagnon I* hearing on February 26, 2021, the hearing officer found probable cause that Appellant had violated his probation. Appellant's *Gagnon II* hearing initially was scheduled for March 30, 2021, but the [c]ourt continued the hearing at Appellant's request pending disposition of Appellant's outstanding criminal charges.

Appellant caused further procedural delays by filing *pro se* motions while represented by counsel; on September 13, 2021, [following Appellant's motion to proceed *pro se*,] the [c]ourt granted Appellant permission to proceed *pro se* after conducting a colloquy with Appellant.

After a *Gagnon II* hearing on September 28, 2021, the [c]ourt found that the Commonwealth had presented sufficient evidence to support the Motion for Revocation and the Amended Violation Report[, which had been amended based on additional misconduct and new charges incurred while Appellant was incarcerated in the Adams County Prison]. On November 29, 2021, this [c]ourt sentenced Appellant to one to two years' imprisonment in a State correctional institution. Appellant [timely filed a notice of appeal on December 27, 2021[1]]. On March 2, 2022, this [c]ourt directed Appellant to file a Concise Statement of Matters Complained of on Appeal; Appellant complied on

_____

[1] Appellant initially filed a timely notice of appeal on December 27, 2021, but it was returned to him for failure to pay the filing fee. Appellant filed a second notice of appeal on February 22, 2022. The record confirms Appellant is indigent and is designated as *in forma pauperis* status. Under these circumstances, we will consider Appellant's appeal as timely filed on December 27, 2021. *See* Pa.R.A.P. 902 (stating failure to take any step other than timely filing of notice of appeal will not affect validity of appeal but will be subject to such action as appellate court deems appropriate).

March 14, 2022.

(Trial Court Opinion, filed 3/25/22, at 1-2) (internal footnotes omitted).

Initially, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). Additionally, "[this C]ourt will not become the counsel for an appellant, and will not, therefore, consider issues which are not fully developed in his brief." *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006) (internal citation and quotation marks omitted).

Instantly, Appellant's brief fails to include the necessary statement of jurisdiction, relevant scope and standard of review, summary of the argument, and omits citation to any legal authority in the argument section. *See* Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). In fact, the entirety of Appellant's argument section states: "*(constitutional rights)— No person shall be subject for the same offense, to be twice put in jeopardy of life or limb." (Appellant's Brief at unnumbered p. 6) (unnecessary capitalization omitted). Appellant's failure to provide any meaningful

argument on appeal renders his issues waived. ***See Gould, supra*** at 873 (holding appellant waived issue on appeal where he failed to support it with relevant citations to case law and to record; "Because such an omission impedes on our ability to address the issue on appeal, an issue that is not properly briefed in this manner is considered waived"). Accordingly, we affirm. ***See In Interest of K.L.S.***, 594 Pa. 194, 934 A.2d 1244 (2007) (stating trial court's order or judgment is more properly "affirmed," when appellant has failed to preserve issues for appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2022