IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Stephen DiBenedetto,<br>       Appellant<br><br>   v.<br><br>Upper Southampton Township, Upper<br>Southampton Municipal Authority,<br>County of Bucks, James D. Morrissey,<br>Inc., Commonwealth of Pennsylvania<br>Department of Transportation,<br>Commonwealth of Pennsylvania<br>Office of Attorney General,<br>Commonwealth of Pennsylvania<br>Department of General Services,<br>and John Does | :<br>:<br>:<br>:<br>: No. 773 C.D. 2024<br>: Submitted: June 3, 2025<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE LORI A. DUMAS, Judge
      HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE         FILED: July 2, 2025

  Stephen DiBenedetto (DiBenedetto) appeals[1] from the judgment entered March 14, 2024 (Judgment) by the Court of Common Pleas of Bucks County (trial court), which, following a bench trial, found in favor of James D. Morrissey, Inc. (Morrissey) and the Commonwealth of Pennsylvania Department of Transportation

---

[1] DiBenedetto filed his appeal in the Superior Court of Pennsylvania, which ultimately transferred the matter to this Court by order dated June 14, 2024.

(PennDOT)[2] and against DiBenedetto on all counts of DiBenedetto's Complaint (Complaint). In addition to DiBenedetto's appeal, Morrissey and PennDOT filed a joint motion to quash DiBenedetto's appeal (Motion) due to DiBenedetto's failure to file post-trial motions. Upon review, we deny Morrissey's and PennDOT's Motion and affirm the trial court's order.

Due to our resolution of this matter, we need not delve deeply into the factual or procedural background. After the trial court conducted a bench trial on the Complaint and entered its Judgment, DiBenedetto filed his Notice of Appeal in the trial court. The trial court then filed its Rule 1925 Opinion, pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a). Therein, the trial court asserted DiBenedetto failed to preserve any issues for appellate review because DiBenedetto did not file post-trial motions.[3]

This Court, by Order dated August 29, 2024, directed the parties to "address in their principal briefs on the merits or another appropriate motion whether [DiBenedetto] preserved any issues for appellate review in light of his apparent failure to file post-trial motions." Thereafter, DiBenedetto filed his brief and addressed post-trial motions. DiBenedetto did not dispute that the trial court conducted a bench trial on his Complaint or that he failed to file post-trial motions.

---

[2]  DiBenedetto entered a stipulation, which the trial court approved, to dismiss the Commonwealth of Pennsylvania Office of Attorney General (OAG) and the Commonwealth of Pennsylvania Department of General Services (DGS) from this matter. *See* Original Record, Item Nos. 122, 129. Similarly, and although they did not present argument before this Court, the trial court dismissed the Upper Southampton Township (UST) and the County of Bucks (County) from this action in accordance with DiBenedetto's stipulation. *See id.*, Item Nos. 80, 83. DiBenedetto has not argued in this appeal the trial court erred in dismissing the OAG, DGS, UST, or County. Accordingly, despite DiBenedetto's attempts to include the OAG, DGS, UST, and County in this appeal, they are not proper parties. Because we affirm the trial court's Judgment without reaching the merits of DiBenedetto's appeal (see below), however, we need not separately address DiBenedetto's appeal against the OAG, DGS, UST, and County.
[3]  The trial court also addressed the merits of DiBenedetto's appeal.

Instead, DiBenedetto asserted he raised each of his issues before or during trial, that the trial court already addressed his issues, and that "any post-trial motion would have been fruitless and a waste of limited and valuable judicial resources." DiBenedetto's Br. at 47. DiBenedetto also asserted courts should construe the Pennsylvania Rules of Civil Procedure liberally, *see* Pa.R.Civ.P. 126, and that concluding he waived review of his issues would be a harsh result in contravention of the Rules of Civil Procedure. *Id.*

After DiBenedetto filed his brief, Morrissey and PennDOT filed the Motion, requesting this Court quash DiBenedetto's appeal because he failed to file post-trial motions. By Order dated January 6, 2025, this Court determined that because DiBenedetto had already addressed the issue of post-trial motions in his brief, this Court would consider the Motion with the merits of DiBenedetto's appeal. Thereafter, Morrissey and PennDOT filed briefs addressing the issue of post-trial motions as well as the merits of DiBenedetto's appeal.

Although the parties addressed the merits of DiBenedetto's appeal in their briefs, we do not reach the merits. Pennsylvania Rule of Civil Procedure 227.1(c) provides that "[p]ost-trial motions **shall** be filed within ten days after . . . the filing of the decision in the case of a trial without jury." Pa.R.Civ.P. 227.1(c) (emphasis added). The Pennsylvania Supreme Court has explained "[i]f an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enters., Inc.*, 710 A.2d 55 (Pa. 1998). Likewise, this Court has consistently held "[w]here a party fails to file timely post-trial motions after a bench trial, no issues are preserved for this Court to review." *Coal Tubin' PA, LLC v. Cambria Cnty. Transit Auth.*, 162 A.3d 549, 553 (Pa. Cmwlth. 2017) (quoting *Liparota v. State Workmen's Ins. Fund*, 722 A.2d 253, 256 (Pa. Cmwlth. 1999)).

3

In *Coal Tubin' PA, LLC*, this Court affirmed the trial court's order due to the appellant's failure to file post-trial motions. *Coal Tubin' PA, LLC*, 162 A.3d at 554. Similarly, the Pennsylvania Supreme Court has expressed that "[a]n appeal is 'quashed' when the court lacks jurisdiction over the appeal in the first instance. When the appellant has failed to preserve issues for appeal, the issues are waived, and the lower court's order is more properly 'affirmed.'" *In re. K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (citations omitted).

DiBenedetto failed to preserve any issues for this Court's review due to his failure to file post-trial motions. *See Coal Tubin' PA, LLC*, 162 A.3d at 553. Consequently, we deny Morrissey's and PennDOT's Motion but affirm the trial court's order. *See id.* at 554; *In re. K.L.S.*, 934 A.2d at 1246 n.3.

 

_____
STACY WALLACE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen DiBenedetto,                     :
                             Appellant     :
                                        :
                    v.                     : No. 773 C.D. 2024
                                        :
Upper Southampton Township, Upper        :
Southampton Municipal Authority,         :
County of Bucks, James D. Morrissey,     :
Inc., Commonwealth of Pennsylvania       :
Department of Transportation,            :
Commonwealth of Pennsylvania             :
Office of Attorney General,              :
Commonwealth of Pennsylvania             :
Department of General Services,          :
and John Does                            :

# **O R D E R**

**AND NOW**, this 2nd day of July 2025, upon consideration of Stephen DiBenedetto's (DiBenedetto) appeal and James D. Morrissey, Inc.'s, and the Commonwealth of Pennsylvania Department of Transportation's motion to quash DiBenedetto's appeal (Motion), the Motion is **DENIED**, and the judgment entered March 14, 2024, by the Court of Common Pleas of Bucks County is **AFFIRMED**.

 

_____
STACY WALLACE, Judge