J-A29044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HILDA CID | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE GROUP A/K/A ERIE | : | No. 853 EDA 2018 |
| INSURANCE EXCHANGE A/K/A ERIE | : | |
| INSURANCE COMPANY | : | |

Appeal from the Order Entered February 6, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  1874 June Term 2015

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED NOVEMBER 27, 2018**

Appellant, Hilda Cid, appeals from the order entered in the Court of Common Pleas of Philadelphia County granting Appellee's Motion for Summary Judgment and dismissing all of Appellant's insurance-related claims arising from two separate motor vehicle accidents in which she was involved.  The trial court, in its Pa.R.A.P. 1925(a) opinion, concludes Appellant has waived appellate review of her claims because she failed to comply with the court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  After careful review, we agree and, therefore, affirm.

We need not provide a detailed account of the underlying facts and procedural history pertaining to Appellant's claims against Appellee since our disposition relies exclusively on matters of issue preservation as governed by Rule 1925.  **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)

_____
*   Former Justice specially assigned to the Superior Court.

("[F]rom this date forward ... [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."); *see also* Pa.R.A.P. 1925(b)(4)(vii). Suffice it to note that, on February 6, 2018, the trial court ordered and decreed Appellee's motion for summary judgment granted, such that any claims arising out of Appellant's underlying motor vehicle accident were dismissed with prejudice. On March 8, 2018, Appellant filed her timely notice of appeal to this Court.

On March 9, 2018, the trial court, pursuant to Rule 1925(b), ordered Appellant to file of record and serve upon the judge a concise statement of errors complained of on appeal within 21 days of the date of the order. Trial Court Order, filed 3/9/18. C.R.#45; D.S.#45. The order warned, "[f]ailure to comply with this directive may be deemed a waiver of all issues for appellate review. *See Lineberger v. Wyeth*, 894 A.2d 141, 148-49 (Pa.Super. 2006) (reiterating that 'appellant's failure to include an issue in his . . . 1925(b) statement waives that issue for purposes of appellate review[.]')." Trial Court Order. A notation appears on the order *and* on the certified docket that the Prothonotary provided notice of the court's order to the parties on March 9, 2018. Thus, the court's order complied with the technical requirements of Rule 1925(b). *See* Pa.R.A.P. 1925(b).

It is undisputed that Appellant failed to file the court-ordered Rule 1925(b) statement. In a civil case, an appellate court may remand for the filing *nunc pro tunc* of a Rule 1925(b) statement "[u]pon application of the

- 2 -

appellant and for good cause shown[.]" Pa.R.A.P. 1925(c)(2); ***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 226 n.7 (Pa.Super. 2014) (*en banc*). Appellant, however, has neither filed an application for remand to allow for a statement *nunc pro tunc* nor demonstrated "good cause" for filing no statement. Under these circumstances, therefore, automatic waiver of the issues raised on appeal is the appropriate result. ***See Presque Isle***, 88 A.3d at 224.

Because Appellant failed to file a court-ordered Rule 1925(b) statement, she has waived merits review of all her claims. Ordinarily, when appellate issues are waived for review, the court's order is affirmed. ***See In re K.L.S.***, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (noting when appellant has waived issues on appeal, appellate court can affirm trial court's decision). Accordingly, we affirm the order entered below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18

- 3 -