J-A18027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CRAIG N. SORG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA A. SORG | : | |
| | : | |
| Appellant | : | No. 619 WDA 2018 |

Appeal from the Order March 29, 2018
In the Court of Common Pleas of Butler County Domestic Relations at
No(s): 2015-90165

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                **FILED AUGUST 07, 2019**

Appellant Cynthia A. Sorg appeals from the order that denied her exceptions, adopted the master's recommendations regarding equitable distribution, and finalized the divorce action commenced by Appellee Craig N. Sorg. Appellant raises several challenges to the master's findings and recommendations. For the reasons that follow, we conclude that Appellant failed to comply with Pa.R.A.P. 1925 and are constrained to affirm.

We briefly summarize the procedural background of this appeal. In 2015, Appellee filed for divorce. On September 15, 2017, following three days of hearings, the master entered a report and recommendations on the parties' economic issues. Appellant filed exceptions to the master's report and recommendations on October 14, 2017. After granting a motion to bifurcate, the trial court issued a divorce decree on December 22, 2017. On January 29, 2018, the trial court held a hearing on Appellant's exceptions to the

master's report and recommendations. On March 29, 2018, the trial court denied Appellant's exceptions and adopted the master's recommendations.

Appellant timely appealed from the March 29, 2018 order. On May 8, 2018, the trial court issued a Rule 1925(b) order directing Appellant to file and serve a statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b)(1). The order read:

> AND NOW, this 8[th] day of May, 2018, pursuant to the Pennsylvania Rules of Appellate Procedure, Rule 1925(b), [Appellant] is herewith directed to **file of record in the lower court and serve on the trial judge** according to Rule 1925(b)(1), a Statement of errors complained of on appeal no later than twenty-one (21) days after entry of this order. **Any issue not properly included in the Statement timely filed and served pursuant to subdivision (b), shall be deemed waived**.

Rule 1925(b) Order, 5/10/18 (emphases added). The trial court's prothonotary stamped the order as filed on May 10, 2018, and entered a notation on the docket that the order was served on the parties that same day.

Fifteen days later, on May 25, 2018, Appellant's counsel filed a copy of a Superior Court docketing statement in the trial court. The docketing statement indicated that the trial court ordered a Rule 1925(b) statement, but the statement was not yet due. Docketing Statement, 5/25/18, at 1. In the section entitled "Description of Appeal," Appellant's counsel wrote "See Ex A." Exhibit A, in turn, contained the following statement:

> Although the master did not recuse herself or invite a motion for recusal despite being an attorney hostile and adverse to

[Appellant] at a prior time, she clearly was prejudiced and biased as evidenced by the following comments and inconsistent and improper findings and applications: "it is clear that [Appellant] remains the woman scorned"; "The master finds that [Appellant]'s attitude has made it difficult . . ."; "[Appellant] desperately wants to retain the marital residence post separation. The master finds that [Appellant] cannot do so . . ."; ["]The master has also determined that there is no way that sale of the martial residence while [Appellant] remains therein . . . The recommendation herein is for liquidation . . . As master is recommending that [Appellant] vacate . . . " (50 days); 50% of this sale of the marital residence farm; 60% of worthless rental properties in condemnation; no counsel fees and termination of APL; no alimony; "pending their sale (condemned rental properties) [Appellant] continue to manage the rental properties". "[Appellee] has the ability to earn at least 3X that of [Appellant]"; and "[Appellee] has at least two more years before retirement . . .".

[Appellant] had consistently maintained the marital residence (farm) with no help from [Appellee] at great financial and physical hardship, complicated by [Appellee] refusal to pay the payments without sanction in the face of at least two private contempt actions because apparently Butler County does not enforce support orders. "It appears that [Appellant]'s counsel if unaware that . . . the Butler County DRS does not act as a collection agency, nor do they act when there is non-compliance, with respect to payments being made outside of the order." The court also refused to enforce and even though this prevented [Appellant] from getting credit to purchase the farm as designed by [Appellee] there were sufficient assets for [Appellant] to purchase anyway.

[Appellant] evicted.

[Appellant] not awarded purchase of marital farm she sustained for both parties with offset from other assets.

[Appellant] denied alimony.

[Appellee] escaping a timely requirement of over 12,000.00 back support.

[Appellant] ordered to maintain condemned rental properties.

[Appellant] awarded condemned rental properties forcing her to purchase from husband assets owed to her.

- 3 -

[Appellant] should have been awarded 65% of marital assets owed to her.

Obvious biased prejudice of master.

[Appellant] does not waive any other argument on appeal and incorporates by reference all prior pleadings, and exhibits of both parties and orders of court as though fully set forth.  . . .

Docketing Statement at Ex. A.  Although Appellant filed the docketing statement in the trial court, there was no indication that Appellant served the trial judge.

On Friday, June 1, 2018, the trial court entered a Rule 1925(a) opinion indicating that Appellant failed to file a Rule 1925(b) statement.  Trial Ct. Op., 6/1/18.  The trial court concluded:

As this court is unable to discern what issues [Appellant] is raising, this court is unable to file an opinion in support of the order. Therefore, it is respectfully requested that [Appellant]'s appeal should be deemed waived for failure to comply with Rule 1925(b)(4)(vii) and the order of March 29, 2018 be affirmed.

*Id.*

The next business day, Monday, June 4, 2018, Appellant filed in the trial court a "Response to Order of Court" (Response 1).  That document set forth the issues contained in Exhibit A of Appellant's docketing statement nearly verbatim.[1]  In the notice of presentment and certificate of service, Appellant's

---

[1] Response 1 contained the following additional claims:

- 4 -

counsel averred that "a true and correct copy of the attached document was served on counsel for [Appellee] at the fax number indicated above" on June 4, 2018. Resp. 1, 6/4/18, Notice of Presentment & Certificate of Service. The notice and certificate of service did not indicate that Appellant served a copy of the document on the trial judge. *Id.*

On June 5, 2018, Appellant's counsel filed in this Court a "Response to Trial Court Order of June 1, 2018" (Response 2). In that filing, Appellant's counsel noted that the trial court issued a Rule 1925(b) order, which counsel received on Monday, May 14, 2018. Resp. 2, 6/5/18, at ¶ 5. Appellant's counsel stated that he provided Appellant with notice of the Rule 1925(b) order, but averred that Appellant "was unavailable." *Id.* at ¶ 7. Appellant's counsel also noted that the trial court's prothonotary "requires an original signature to accept a pleading." *Id.* Appellant's counsel suggested that "[a]ll

---

[Appellant] also believes that the master also failed to properly consider and address the following purposes and reasons which were not waived by [Appellant]:

a. Updated, changed, later discovered, material facts and calculations, since the Master proceeding:

(1) Payments made by [Appellant] concerning the mortgage and credit line obligation of [Appellee]

(2) Confirmation, that [Appellant] was not terminated for cause.

(3) Undisclosed possible disqualifying conflict, by Master.

Resp. 1.

pleadings, including this pleading, have been served on opposing counsel and the Trial Court." *Id.* at ¶ 9.

In Response 2, Appellant's counsel set forth the following requests for relief:

> 11. [Appellant] desires not to waive any appeal or arguments and respectfully requests the Court deem the pleading filed on Monday morning, June 4, 2018, the first day she was available to be permitted nunc pro tunc, or other not causing prejudice.
>
> 12. If the Court be inclined to sanction or prohibit oral argument, we believe that a more appropriate sanction be considered than deeming the appeal to be waived.

*Id.* at ¶¶ 11-12. This Court docketed Response 2 as "Other." It does not appear that Appellant filed the document in the trial court or served it on the trial judge.[2]

In her brief submitted to this Court, Appellant presents seven questions contesting the trial court's denial of her exception and the adoption of the findings and conclusions by the master. *See* Appellant's Brief at 7-9. In response, Appellee asserts that Appellant's issues should be deemed waived based on Appellant's failure to comply with Pa.R.A.P. 1925, but also claims that Appellant's issues lack merit. *See* Appellee's Brief at 5-7. Appellant has not responded to the trial court's Rule 1925(a) opinion in her lead brief and has not filed a reply brief addressing the possibility of waiver discussed by Appellee.

_____

[2] We note, however, that a copy is contained in the record as an exhibit to Appellant's response to a motion for contempt filed by Appellee.

Before addressing Appellant's substantive claims, we must consider whether Appellant has preserved any issues in this appeal. **See Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011); **see also** Pa.R.A.P. 1925(b)(4)(vii). The interpretation and application of Rule 1925 raise questions of law over which the standard of review is *de novo* and the scope of review is plenary. **See Berg v. Nationwide Mut. Ins. Co., Inc.**, 6 A.3d 1002, 1005 (Pa. 2010) (plurality).

"[I]n determining whether an appellant has waived [her] issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order." **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (citation omitted). Furthermore, before finding waiver, this Court must ensure that the trial court strictly complied with the content and notice requirements for a Rule 1925(b) order. **In re L.M.**, 923 A.2d 505, 509-10 (Pa. Super. 2007).

As to the contents of a Rule 1925(b) order, Rule 1925 provides:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> *(1) Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or

J-A18027-19

other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

*(2) Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. . . .

*(3) Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(1)-(3). The notes to Rule 1925 state:

*Paragraph (b)(1)* This paragraph maintains the requirement that the Statement be **both filed of record in the trial court and served on the judge**. Service on the judge may be accomplished by mail or by personal service. The date of mailing will be considered the date of filing and of service upon the judge only if counsel obtains a United States Postal Service form from which the date of mailing can be verified, as specified in Pa.R.A.P. 1112(c). . . .

Pa.R.A.P. 1925 note (emphasis added).

Pennsylvania Rule of Civil Procedure 236 sets forth the notice requirements of a Rule 1925(b) order. **L.M.**, 923 A.2d at 510. Rule 236 states, in relevant part:

- 8 -

**Notice by Prothonotary of Entry of Order or Judgment**

(a) The prothonotary shall immediately give written notice of the entry of

\*   \*   \*

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

(b) The prothonotary shall note in the docket the giving of the notice . . . .

Pa.R.C.P. 236(a)(2), (b).

Here, the trial court's Rule 1925(b) order strictly complied with the content and notice requirements. The order advised Appellant that (1) her Rule 1925(b) statement was due twenty-one days after the entry of the order, (2) Appellant was required to file the statement of record and serve the trial judge, and (3) any issue not included in a timely filed statement would result in waiver. *See* Rule 1925(b) Order; Pa.R.A.P. 1925(b)(3). Moreover, the order was filed and docketed by the trial court's prothonotary with a notation of service on Appellant on May 10, 2017.[3] *See* Pa.R.C.P. 236(a)(2), (b). Therefore, Appellant had until Thursday, May 31, 2018, to file and serve her Rule 1925(b) statement. *See* Pa.R.A.P. 108(b).

The record shows that on May 25, 2018, within the twenty-one day period to respond to the trial court's Rule 1925(b) order, Appellant filed an

---

[3] We add that the record establishes that Appellant's counsel had actual notice of the trial court's Rule 1925(b) order. *See* Docketing Statement at 1 (indicating that the trial court issued an order for a Rule 1925(b) statement on May 8, 2018, and that the statement was "not due yet").

appellate docketing statement in the trial court. As noted above, the docketing statement included a statement of the issues Appellant intended to raise on appeal. **See** Docketing Statement at Ex. A. However, there was no indication that Appellant served the trial judge with the docketing statement. Therefore, even if we were to construe Exhibit A of the docketing statement as the functional equivalent of a Rule 1925(b) statement, Appellant did not satisfy the requirement of serving the statement on the trial judge. **See** Pa.R.A.P. 1925(b)(1)-(2) & note; **see also Forest Highlands Cmty. Ass'n v. Hammer**, 879 A.2d 223, 229 (Pa. Super. 2005) (noting that under the former version of Rule 1925(b), the failure to comply with the service requirements of the Rule results in waiver).

Appellant next filed Response 1 in the trial court on June 4, 2018. As noted above, this filing contained a statement of issues nearly identical to Exhibit A of Appellant's docketing statement. Therefore, we regard Response 1 as Appellant's Rule 1925(b) statement. However, Appellant filed this statement two business days after the May 31, 2018 deadline to file and serve a Rule 1925(b) statement. Accordingly, Response 1 was untimely on its face, and Appellant's issues on appeal are subject to waiver. **See Greater Erie Indus. Dev. Corp.**, 88 A.3d at 225.

However, the 2007 amendments to Rule 1925 include exceptions to the timeliness requirements and provisions for remand. For example, Rule 1925(b)(2) provides:

- 10 -

> Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

Pa.R.A.P. 1925(b)(2).  The notes to Rule 1925 state:

> *Paragraph (b)(2)* . . . An enlargement of time upon timely application might be warranted if, for example, there was a serious delay in the transcription of the notes of testimony or in the delivery of the order to appellate counsel. A trial court should enlarge the time or allow for an amended or supplemental Statement when new counsel is retained or appointed. A supplemental Statement may also be appropriate when the ruling challenged was so non-specific—e.g., "Motion Denied"—that counsel could not be sufficiently definite in the initial Statement.
>
> In general, nunc pro tunc relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. ***See, e.g.***, ***In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election***, 577 Pa. 231, 248-49, 843 A.2d 1223, 1234 (2004) ("We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed nunc pro tunc."). Courts have also allowed nunc pro tunc relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. ***McKeown v. Bailey***, 731 A.2d 628, 630 (Pa. Super. 1999). However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time. ***Id.***; ***Amicone v. Rok***, 839 A.2d 1109, 1113 (Pa. Super. 2003) (recognizing a breakdown in process, but finding the delay too long to justify nunc pro tunc relief).

Pa.R.A.P. 1925 note.

Rule 1925(c) further contains the following relevant provisions regarding a remand by an appellate court:

(1) An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.

(2) Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion.

Pa.R.A.P. 1925(c)(1)-(2). Rule 1925(c)(2) does not define "good cause." Nevertheless, it is reasonable to believe that the Pennsylvania Supreme Court intended that an appellate court consider similar principles as those discussed in the note to Rule 1925(b)(2).

Instantly, Appellant did not seek an extension of time or *nunc pro tunc* relief in the trial court. Therefore, Rule 1925(b)(2) does not apply. There is also no dispute that Appellant did not timely file or serve a Rule 1925(b) statement. **See** Resp. 2, at ¶ 5. Therefore, there are no issues of fact requiring a remand under Rule 1925(c)(1).

Turning to Rule 1925(c)(2), we note that Appellant filed Response 2 in this Court on June 5, 2018. In that filing, Appellant's counsel alleged that he had notice of the Rule 1925(b) order, advised Appellant of the order, but that Appellant was unavailable. **See** Resp. 2 at ¶¶ 7, 9.

Following our review, we construe Response 2 as an application for relief in this Court under Rule 1925(c)(2). However, Appellant points to no

breakdown in the operation of the court. ***See In re Canvass of Absentee Ballots***, 843 A.2d at 1234. Appellant's counsel also advanced no explanation for why Appellant was unavailable during the period to file a Rule 1925(b) statement. Significantly, Appellant's counsel provided no basis to conclude that Appellant's availability was needed to file a Rule 1925(b) statement in a timely manner.[4] ***See McKeown***, 731 A.2d at 630. Accordingly, we are constrained to conclude that Appellant failed to establish good cause justifying *nunc pro tunc* relief.

In sum, we are compelled to conclude that Appellant's untimely filing of a Rule 1925(b) statement does not fall under any recognized exception or provision for remand. ***See Greater Erie Indus. Dev. Corp.***, 88 A.3d at 225. Because Appellant's failure to comply with Rule 1925 results in the waiver of all issues on appeal, we affirm the March 29, 2018 order of the trial court. ***See In re K.L.S.***, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (noting that when the appellant has failed to preserve issues for appeal, the issues are waived, and the trial court's order is more properly "affirmed").

Order affirmed.

---

[4] Consultation with the client with respect to the issues raised in a Rule 1925(b) statement, while commendable, is not always necessary. ***See*** Pa.R.A.P. 1925 note (indicating that counsel should begin the process of narrowing and clarifying the issues for appeal when preparing a Rule 1925(b) statement). Furthermore, we acknowledge that in Response 2, Appellant's counsel averred that an original signature was necessary to file Response 1. However, there was no indication that counsel actually obtained Appellant's original signature when filing Response 1 in the trial court.

Judge Bowes joins the memorandum.

Judge Musmanno concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2019