J-S43011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAJOUR ARI JAMES | : | |
| | : | |
| Appellant | : | No. 222 MDA 2019 |

Appeal from the PCRA Order Entered January 10, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003166-2016

BEFORE: GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED SEPTEMBER 13, 2019**

Appellant, Dajour Ari James, appeals from the order entered in the Lancaster County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On June 23, 2017, Appellant entered a negotiated guilty plea to one count of third-degree murder and was sentenced that day per the plea agreement to 14 to 28 years' imprisonment. Appellant did not file a post-sentence motion or a direct appeal. On May 7, 2018, Appellant timely filed *pro se* his first PCRA petition. The PCRA court appointed counsel on May 8, 2018, who filed a no-merit letter and a petition to withdraw pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**,

_____
* Former Justice specially assigned to the Superior Court.

550 A.2d 213 (Pa.Super. 1988) (*en banc*) on September 4, 2018. The PCRA court denied counsel's petition to withdraw on October 10, 2018. Counsel filed a second **Turner/Finley** letter and petition to withdraw on November 21, 2018.

On December 12, 2018, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response to the Rule 907 notice, styled as an amended PCRA petition, on December 31, 2018. On January 10, 2019, the PCRA court denied relief and granted counsel's petition to withdraw. Appellant timely filed a *pro se* notice of appeal on February 6, 2019. The following day, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on February 21, 2019, and filed a *pro se* amended Rule 1925(b) statement on February 28, 2019.

Appellant raises the following issues for our review:

> DID THE [TRIAL] COURT COMMIT AN ABUSE OF DISCRETION BY DENYING APPELLANT'S PRIVATELY HIRED EXPERT WITNESS PATHOLOGIST/NEUROLOGIST PRECLUDING TESTIMONY FROM TRIAL BY THE GRANTING OF COMMONWEALTH'S MOTION TO PRECLUDE THE PROFFERED TESTIMONY OF EXPERT WITNESS?
>
> DID THE [TRIAL] COURT COMMIT AN ABUSE OF DISCRETION BY THE GRANTING OF COMMONWEALTH'S MOTION TO PRECLUDE PROFFERED TESTIMONY OF EXPERT WITNESS, NEUROLOGIST/PATHOLOGIST?

(Appellant's Brief at 6 unpaginated). The argument section of Appellant's brief contains three additional claims where he contends that: (a) the PCRA court

erred in denying Appellant's petition; (b) trial counsel was ineffective for not filing a direct appeal regarding the preclusion of Appellant's expert; and (c) PCRA counsel was ineffective for filing a **Turner/Finley** no-merit letter instead of an amended PCRA petition. Appellant did not include these issues in his statement of questions involved. **See** Pa.R.A.P. 2116(a) (stating Appellant must include question in statement of questions involved to warrant review).

Initially, we observe: "Issues not raised in the [PCRA] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **Commonwealth v. Mason**, 634 Pa. 359, 130 A.3d 601 (2015) (stating failure to include issue in PCRA petition or in court-approved amendment to petition constitutes waiver). Moreover, to be eligible for relief under the PCRA, the petitioner must plead and prove his conviction resulted from one or more of the grounds set forth in 42 Pa.C.S.A. § 9543(a)(2)(i-viii). **Commonwealth v. Zook**, 585 Pa. 11, 887 A.2d 1218 (2005). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." **Commonwealth v. Price**, 876 A.2d 988, 995 (Pa.Super. 2005), *appeal denied*, 587 Pa. 706, 897 A.2d 1184 (2006), *cert. denied*, 549 U.S. 902, 127 S.Ct. 224, 166 L.Ed.2d 179 (2006).

Additionally, any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. **Commonwealth v. Castillo**, 585 Pa.

- 3 -

395, 888 A.2d 775 (2005). An appellant's concise statement must identify the errors to be addressed on appeal with sufficient specificity. **Commonwealth v. Dowling**, 778 A.2d 683 (Pa.Super. 2001) (stating Rule 1925(b) statement which is too vague to allow court to identify issues raised on appeal is functional equivalent of no Rule 1925(b) statement). An appellant cannot raise issues for the first time in a Rule 1925(b) statement. **Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa.Super. 2011).

Instantly, in his PCRA petition Appellant claimed his guilty plea was involuntary because plea counsel was ineffective for failing to: file a motion to withdraw the plea; properly investigate or prepare any type of defense; present alibi or character witnesses; and communicate with Appellant during the plea negotiations. Appellant raised his two identified appellate issues of trial court error for the first time in his response to Rule 907 notice, which was not a court-approved amendment to his PCRA petition. Therefore, these issues are waived. **See id. See also Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 631, 64 A.3d 631 (2013) (holding petitioner's response to Rule 907 notice will not be construed as amended PCRA petition). Further, Appellant raised his two identified appellate issues in terms of trial court error, which is impermissible in the PCRA context. Thus, his stated issues are waived for this reason as well. **See** 42 Pa.C.S.A. § 9544(b).

With respect to those claims embedded in the argument section of his

brief, Appellant's complaint that the PCRA court erred or abused its discretion when it denied Appellant's petition without a hearing is presented baldly and without further explanation. **See Dowling, supra**. Therefore, it is waived. **See id.** Appellant's claim regarding plea counsel's ineffectiveness for failing to appeal the preclusion of Appellant's expert, is stated for the first time in Appellant's Rule 1925(b) statement and is also waived. **See Coleman, supra**. Additionally, Appellant raised his claim regarding PCRA counsel's ineffective assistance for the first time in his amended Rule 1925(b) statement. The proper avenue to raise issues of PCRA counsel ineffectiveness was in Appellant's response to Rule 907 notice. So, this claim is waived as well. **See Rykard, supra** (stating Appellant waives issue of PCRA counsel ineffectiveness if issue is not raised in response to Rule 907 notice); **Coleman, supra**. Thus, Appellant has waived all of his appellate issues on one or more grounds. Accordingly, we affirm. **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm rather than quash appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019

- 5 -