J-A17028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOREL JENKINS | : | |
| | : | |
| Appellant | : | No. 3569 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 16, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001050-2017

BEFORE:   McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY KING, J.:          **FILED SEPTEMBER 14, 2021**

Appellant, Dorel Jenkins, appeals *pro se* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial conviction for persons not to possess firearms, and jury trial convictions for firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possession of a controlled substance.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 24, 2019, Appellant was convicted of the above-mentioned crimes. The court sentenced Appellant on December 16, 2019, to an aggregate term

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 6016, 6108, and 35 P.S. § 780-113(a)(16), respectively.

of 7 to 15 years' imprisonment, plus five years' probation. Appellant timely filed a *pro se* notice of appeal on December 18, 2019. On January 15, 2020, the court appointed appellate counsel. Following a ***Grazier***[2] hearing, the court permitted Appellant to proceed *pro se* on appeal, and let counsel withdraw. Appellant subsequently filed a *pro se* concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[3]

Preliminarily, we observe:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. … Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). Additionally, "[this C]ourt will not become the counsel for an appellant, and will not, therefore, consider issues which are not fully developed in his brief." ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa.Super. 2006) (internal citation and quotation marks omitted).

Instantly, Appellant raises eight issues on appeal. Nevertheless, Appellant does not support his claims with relevant legal authority. ***See*** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as

---

[2] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

[3] The trial court did not issue a Rule 1925(a) opinion.

there are questions to be argued and shall have at head of each part particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent). Although Appellant mentions several Rules of Criminal Procedure in some sections of his argument, he does not indicate what those rules state or provide any analysis of them to the facts of his case. Appellant's failure to cite relevant legal authority in support of his claims renders his issues waived on appeal. **See Gould, supra** at 873 (holding appellant waived issue on appeal where he failed to support it with relevant citations to case law and to record; "Because such an omission impedes on our ability to address the issue on appeal, an issue that is not properly briefed in this manner is considered waived"). Accordingly, we affirm. **See In Interest of K.L.S.**, 594 Pa. 194, 934 A.2d 1244 (2007) (stating trial court's order or judgment is more properly "affirmed," when appellant has failed to preserve issues for appeal).

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2021