J-A08044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY L. BIERLEY | : | |
| | : | |
| Appellant | : | No. 861 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 28, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-SA-0000058-2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:              **FILED:  April 1, 2022**

Harry L. Bierley (Appellant) appeals *pro se* from the judgment of sentence[1] of $100.00 in fines entered in the Erie County Court of Common Pleas related to his summary convictions for one count each of harassment and disorderly conduct.[2]  As will be discussed below, Appellant appears to raise a myriad of woefully underdeveloped and vague claims concerning his convictions.  We affirm.

---

[1] Appellant filed the instant notice of appeal challenging the trial court's July 13, 2021, order denying his motion for reconsideration of sentence.  However, "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post[-]sentence motions."  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*), *appeal denied*, 800 A.2d 932 (Pa. 2002). Here, the caption reflects that this appeal properly lies from the June 28, 2021, judgment of sentence.

[2] 18 Pa.C.S. § 2709(a)(3), 5503(a)(3).

Due to our disposition of this case, a detailed description of the underlying factual history is unnecessary. Briefly, Appellant's summary convictions stem from a verbal altercation on October 1, 2020, with Patricia Casella (Victim). N.T., 6/28/21, at 5. During the incident, Appellant caused a disturbance at Victim's car sales lot. *Id.* As Appellant "was speaking to [Victim], he said, F U, and he spit on [her]." *Id.* at 7. Victim and her husband asked Appellant to leave "repeatedly" but he refused. *Id.* Victim recorded the interaction. *Id.*

After the incident, Victim filed a private criminal complaint against Appellant. The Commonwealth approved the complaint and filed charges against Appellant for the summary offenses. On April 9, 2021, Magisterial District Judge (MDJ) Thomas C. Carney found Appellant guilty of both counts and fined him $300.00. On May 6, 2021, Appellant appealed for a *de novo* trial in the court of common pleas.

On June 28, 2021, the trial court held a summary appeal hearing. At the conclusion of the proceeding, the trial court found Victim to be credible and the evidence against Appellant to be "overwhelming[,]" namely the video "which displayed Appellant swearing and spitting on" Victim. N.T. at 16, 18; Trial Ct. Op. 9/21/21, at 1. Appellant was again found guilty of harassment and disorderly conduct, but the court reduced the fines to $100.00. *Id.* at 17-18.

On July 12, 2021, Appellant filed a *pro se* motion for reconsideration of his sentence, which the trial court denied the next day. This timely *pro se*

appeal follows. Appellant timely complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Preliminarily, before addressing the merits of Appellant's appeal, we must determine if his claims are properly before us. The trial court determined Appellant's Rule 1925(b) statement did not raise "specific enough" claims for it "to adequately address" because Appellant "failed to plead in any fashion how the parties he accuses of governmental interference interfered with the case[, and he also did] not identify in what respects the evidence was legally insufficient." Trial Ct. Op., 9/21/21, at 2-3 *citing* Pa.R.A.P. 1925(b)(4)(ii) (a statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge.").

We note that a Rule 1925(b) statement that is not specific enough for the trial court to identify or address any of the appellant's claims may result in waiver. ***Commonwealth v. Reeves***, 907 A.2d 1, 2-3 (Pa. Super. 2006) (waiving issues not raised before the trial court due to lack of specificity).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

***Id.*** at 2 (citation omitted).

Here, the trial court provided the following explanation of the deficiencies in Appellant's concise statement:

> None of Appellant's generalized averments sets forth any reason or basis for his claims, point to any place in the record where an alleged error or deficiency can be found, or identify any element of the crime[s] allegedly unmet. None of the claims are specific enough for the [trial c]ourt to identify and address.

Trial Ct. Op. at 3. The trial court then concluded Appellant's claims were waived. *Id.*

We agree. Our review of the record reflects that Appellant's Rule 1925(b) statement does, in fact, ramble for several pages with a total of fourteen incoherent averments. Any potential claims Appellant wished to raise in his concise statement are lost amongst his longwinded accusations against Victim, the Commonwealth, and the magisterial and trial courts.[3] *See* Appellant's Matters Complained of [On Appeal], 8/24/21, at 1-3. Because Appellant's claims were not made clear to the trial court in a manner which allowed the court to properly address them, Appellant has waived all issues on appeal for failure to adhere to Rule 1925(b).

Moreover, even if Appellant preserved his claims in his Rule 1925(b) statement, Appellant's *pro se* brief materially fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See*

---

[3] For example, he states: "Only an insane or blind person viewing the Oct 1 video could honestly believe I was not assaulted by [Victim and her husband], this abuse of discretion by [the magisterial district court and the trial court] has been done to hide underworld and MAFIA control of Erie [County, Pennsylvania.]" Appellant's Matters Complained of [On Appeal] at 2.

Pa.R.A.P. 2111(a). Specifically, Appellant's brief either entirely omits or does not adequately include a statement of jurisdiction, reference to the order or other determination in question, statement of the scope and standard of review, statement of the questions involved, a statement of the case, a summary of the argument, and argument for Appellant. *See* Pa.R.A.P. 2111(a)(3), 2114, 2115(a), 2116(a), 2117(a), 2118, 2119(a)-(f).

Although this Court is willing to construe briefs filed by a *pro se* litigants liberally, "*pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). Furthermore, this Court

> will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (citation and quotation marks omitted).

In the present case, of particular concern is Appellant's failure to provide a statement of the questions involved or any argument supporting his potential claims. We cannot postulate Appellant's intended claims or develop arguments on his behalf. *See In re R.D.*, 44 A.3d at 674. Further, we emphasize:

> [T]he omission of a statement of questions presented is particularly grievous since the statement . . . defines the specific issues this court is asked to review. When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that

- 5 -

appellant's brief is insufficient to allow us to conduct meaningful judicial review.

***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citations omitted).

Appellant's handwritten *pro se* appellate brief is illegible at parts and sets forth a collection of statements and bald assertions without any supporting case law, record citations, or argument. Similarly to his Rule 1925(b) statement, Appellant makes unintelligible statements, which seemingly amount to personal grievances with other parties. All we can discern are his bald requests that Victim, Assistant District Attorney (ADA) Grant Miller,[4] MDJ Carney, and the Honorable Daniel J. Brabender[5] be criminally charged and dismissed from office, where applicable. Appellant's Brief at 4-5. Appellant also appears to raise a property claim. ***Id.*** at 5.

As there is no discernable argument presented before us, we conclude Appellant's claims are waived on this basis as well. ***See*** Pa.R.A.P. 2119(a) (the argument section of an appellate brief must provide "discussion and citation of authorities as are deemed pertinent."); ***see In re R.D.***, 44 A.3d at 674 ("when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived"); ***see Butler v. Illes***, 747 A.2d 943, 944 (Pa. Super. 2000)

---

[4] ADA Grant Miller represented the Commonwealth at Appellant's summary appeal hearing.

[5] Judge Brabender presided over Appellant's summary appeal hearing.

("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation and internal quotation marks omitted).

In sum, the defects regarding Appellant's Rule 1925(b) statement and appellate brief preclude us from conducting meaningful review, and we need not address the appeal further. Therefore, we affirm the judgment of sentence.[6]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2022

---

[6] *See In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (stating when appellant has waived issues on appeal, we should affirm the decision of the trial court rather than quash the appeal).